But the court
 

 were clearly of opinion,- that the- verification of the record
 
 v
 
 as defective; and that they could not, confidently with the judicial adt, difpenfe with a return of the o“ riginal citation, -fubferibed by the Judge himfelf.
 

 . The caufe • Was, then, continued, upon an agreement be-* tween theeounfel, that the Defendant in error might either ara gue it upon the record, in its prefent ftate;.or alledge in diminution of the record, and iliue a
 
 certiorari.
 
 The latter ■mode was adopted; and the diminution" alledged was, that •“ there is not certified the judgment of the faid Circuit Court, -rendered on infpedtioh óf the record of a Diftri.dt Court, of the Commonwealth of Virginia, held in the town of Dumfries, awarding to the faid
 
 Thomas Daniel
 
 his cofts againft-
 
 John Nollingfworih, William. Merle
 
 and
 
 William
 
 Miller, on the .difmiffion "of a certain attachment by them againft him fue.d forth, which record of the faid DHindi Court, is ftated in the declaration of the faid
 
 Thoma's Daniel)
 
 filed in the faid Circuit-Court, and is again ftated in the replication of the faid
 
 Thomas Daniel,,
 
 ir, the faid Circuit Court, with an averment, that hé was ready to verify the fame, by a tranfeript thereof, certified under the hand,óf a proper officer; to which faid replication,. the.feid
 
 William Wilfon,
 
 in the, faid Circuit Court, rejoined, that there was no fuchrecórd.” The clerk of the.Circuit Count returned the
 
 certiorari,
 
 with a certificate indorfed, “ that there « "is not remaining on the rolls and records, the judgment of the
 
 *403
 
 * faid Circuit Court, on the infpe£tion of the tranfcript of the <c record of the Diftriét Court of
 
 Dumfries,
 
 awarding,the faid “
 
 Thomas
 
 Daniel, his coils againft
 
 John Hbllingfworth
 
 and “ others, on the difmiflion of a certain attachment againft him “ by them profecuted ; nor did the faid Circuit Court ever en-<f ter up their judgment thergon.”
 

 • The'circumftances, which now became material on the record, were as follow: It appeared by the declaration, that an aTion of debt was-brought in the Circuit Court,-by
 
 Thgmas
 
 Daniel, a
 
 Britijh
 
 fubjeit, againft
 
 William Wilfon
 
 and others, upon a bond dated the nth of
 
 October
 
 1791, for, the penal fum of
 
 £.60,000-,
 
 that the bond had been taken,, as an indemnity,-from the Defendants below, in an attachment brought by them againft the,Plaintiff in a State Court; and that the at-t-chment was difmiffed, by the Court, and the Plaintiffs adjudged to pay the coils. The prefent Plaintiff laid his dam-' ^¿es, in confequence of the attachment, at /.2o,coo.
 

 The foie Defendant below,
 
 William
 
 Wufon, [the. other Defendants being dead, or not being arrefted on the, procefs) pleaded, 1. performance of the condition of the Bond ; a. that no coftshad been-awarded, to the Plaintiff below, in the attachment fuit, nor had any damages been recovered by him againft the parties, for fuing out the attachment.
 

 The Plaintiff below replied—-i. That the Defendant-had not performed the condition of the Bond.—2. That the Court did award coils in the attachment fuit to the Plaintiff below, which he was ready to verify by a tranfcript of the record. And 3. The Plaintiff demurred tofo much of the Defendant’s plea, as ,iefpe£ts Damages. ‘
 

 The Defendant below rejoined, r. As to the judgment for coils in the attachment fuit,
 
 nul tUl record.
 
 And, a. as to the replication upon the queftion of damages, joinder in demurrer.
 

 The Record then proceeds: “ The parties by their Attor-lt nies, being fully heard, it feems to. the Court that the faid <c fecond plea of the Defendant, and the matter therein contain*. “ ed, are not fufficient in law to bar the Plaintiff from having “ and maintaining his a ¿lion againft the faid Defendant« Therefore, it is confidered, that judgment .be entered for the plaintiff on his demurrer to that plea.”-'
 

 « And at another day, to wit, &c. came' parties, &c. And thereupon alfo came a Jury, &c. And now, &c. the « Jury aforefaid returned into Court, and brought in their u verdift in thefe wordsWe of the Jury find for.-the « Plaintiff the Debt in the Declaration mentioned-to be dif- # charged by .the payment of j8ofl Dollars damages.”
 

 
 *404
 

 K
 
 Therefore, it is considered by the Court, that the'Plaintiff recover againft the Defendant j£fjo,OOp of the value of
 
 ff
 
 200,ooq Dollars, his debt aforelaid, and his cofts by him
 
 li
 
 about his fuit in. this behalf expended. And the faid. Deft fendant in mercy, &c. But the Judgment is to be difcharg-
 
 u
 
 ed by the payment of the faid l$oo Dollars and the
 
 cofts..
 

 At the prefent Term, as well as in February Term 1797, two queftions were made, and argued, independent of the ob-jedtion to the form of iffuing and returning the Writ
 
 of Error: 1.
 
 'Whether tlje judgment below was fo defective, that a Writ of Error would not lie on it, inafmuch as no judg-' ment was given upon the plea of
 
 nul tiel record,
 
 a. Whether the Supreme Court had jurifdi&ion of the Caufe, inafmuch as the real and operative judgment of the Circuit Court was only for 1800 Dollars; and the Judicial A<ft provides,,.that there íhall be no removal of a civil aflion from the Circuit Courts into the Supreme Court, ui.lcfs the matter in difputc exceeds the fum or value of
 
 2000
 
 Dollars.
 
 *
 
 1
 
 Vol. fee. 22, p.
 
 62. On the firft-point no opinion was given by the Court at the former argument; but, on the fecond point, Chase, Paterson, and'CusHiNQ,
 
 Juftices,
 
 concurred in conffdering the-judgment as. a judgment at common law, for the penalty of'the Band,and,therefore, that the Court had jurifdjíüón; Wilson
 
 JuJlice,
 
 diffented ; and Iredell Jvjlice, (who had prefid-<ed in the Circuit Court) declined taking apart in the de'cifion. The fecond point was, however, re-argued, at the inftance of
 
 E. Tilghmanx
 
 who was anfwered by
 
 Lee
 
 and
 
 ’Ingerfolly
 
 apd the opinion of the Court was given to the following efFefh '
 

 Elsworth,
 
 Chief Jujiice,
 
 There have been twp exceptions taken to the record in Lhe prefent cafe : i.-.Thát the judgment of the inferior Court is fo defeftive, that a Writ of Error will not lie-upon it. It is evident, however, that the judgment is not merely interlocutory; but is in its nature final, and goes tq the whole.merits of the'cafe. Though imperfect and informal^ it is a judgment on wliich an-execution could ¡flue; and as the Defendant below might be thus injured by it, we are una-nimoufly of opinion, that he is entitled toa Writ of Error. •
 

 2.
 
 The fecond exception is, that the judgment is not.fora fum of fufficient magnitude to give jurifcíiélion to this Court.’ On this exception there exifts adiverfity of fentiment, büt.-it is the prevailing opinion, that we are not to regard the verdiñ, or judgment, as the rule for afcmaining the value of the matter in difpute between the parties. By the judicial-Statute, it 19 provided that certain decifions of the Circuit Courts, in certain
 
 *405
 
 .cafes, may be reverfed on a Writ of Error in the Supreme Court ; but it is declared that the matter }n difpute muft exceed the fum or value of 2000 Dollars.- To afeertain, then, the matter in difpute, we muft recur to the foundation of the original controverfy—to the matter in dipute when the a&ion was inftituted. The deferiptivg words of the law point emphatically to this criterion ; and in common undemanding the thing demanded (as in the prefent inftance the penalty of a Bond) and not the thing found, conftitutes the matter in dif-pute between the parties,
 

 The conftrudtion, which is thus given, not only comports with every word in the law, but enables us to avoid an inconvenience, which would otherwife affedt the impartial -admini-ftration of juftice. For, if the fum, or value, found by a ver-didt, was conlidered as the rule to afeertain the magnitude of the matter in difpute, then, whenever lefs than 2000 dollars was found, a Defendant could have no relief againft the moft erroneous and injurious judgment, though the Plaintiff would have a right to a removal and revifion of the caufe, his demand ('which is alone to govern him) being for more than 2000 dol-lárs. It is riot to be prefumed that the Legiflature intended to give any'party fuch an advantage over his antagonift; and it ought to be avoided, as it may be avoided, by the fair and rea-fonable interpretation, which has been pronounced.
 

 Iredell,
 
 Juftice.
 
 I differ from the opinion, which is entertained by a majority of the Court on the fecond exception ; though, if 'the meiits of the caufe had been involved, I ihould have declined exprefiing my fentiments» As, however, the queftion is a general queftion ’ of conftrudtioii, and is of great importance, I think it a duty, briefly, to affign the realms T riiy diifent.
 

 The true motive for - introducing the proviflon, which is under confideration, into the judicial .adt, is evident. When ■the Legiflature allowed a Writ of Error to the Supreme Court, it was confidered, that the Court was held permanently at the feat of the National Government, remote from many parts of the Union ; and that it would be inconvenient and oppreflive to bring fuitors hither for objects of linall importance. Hence, it was'provided, that ünlefs the matter in difpute exceeded the fum, or value, of 20CO dollars, a Writ of Error ihould not be jffued. But the matter in difpute here meant, is the matter in difpute on the Writ of Error. In the original fuit, indeed, I agree, that the demand of the party furniihe.s the rule of valuation ; but the Writ of Error is of the nature of a new fuit; and' Whatever may have been formerly the queftion on the merits, if we think the Plaintiff is not entitled to recover ttiore than
 
 *406
 
 1800 dollars, the Court has not jurifdiftion of a caufe of fuch value, and cannot, of courfe, pronounce >a -judgment in it. ,
 

 At common law, indeed, the penalty of the bond- was alone regarded ; and though, in a cafe like the prefent, only on? ihilling damages ihould be given by the Jury, the judgment at common law would be rendered for the whole penalty; fo that the fuffering party would be obliged to refort to a Court of Equity for relief. The Legiflature, however, has deemed it expedient to guard againft the mifchief, and, at the fame time, to prevent a circuity of a ¿lion, by impowering the common law Courts to render judgment, in caufes brought to recover the forfeiture annexed to any articles of agreement, covenant^ bond, or other fpecialty, for fo much as is due, according to equity. From the time of pafling the aft, the Plaintiff can; recover no more under the penalty of the bond, than the damages affeffcd, or adjudged ; ■ and’ if a Court of common law' is thus empowered to regard the matter in difpute, independent of the ftrift- common law forfeiture. of the penalty, this ought to be deemed, to every legal intent, the proper mode of fettling ánql afcer'taining the" value,- or. amount, to which'the words of the' law ft all be applied, in the cafe of a Writ of Error.
 

 Theobjeftion, which feemed, principally, to operate againft this doftrine, in the mind of the Court, as well as of the Bar, was its tendency to entitle one party to. a Writ of Error, and -to.exclude the other: but the objeftion-cannot arife-inthis Cafe,as-both parties would be alike eftoppedby the infufficiency of the fum. A new law, however, ..of-a fcope fo extenfive, cannot be expefted to provide for every poflible cafe; and it is. no -reafon why a plain provifion ftoiild rjót'operate, that another •provifipn may be^neceffary to'avoid an' inconvenience, orto eftablift equality between the parties."
 

 I muff, therefore, repeat.my opinion, that although the Plaintiff’s.demand is to be regarded' in the'original aftion ; yet, that ■ the fum aftually rendered by the Judgment, is to'furrjift the-rule for fixing the matter in difpute upon a Writ of Error, And the fum aftually rendered,' being- lefs than 2000 dollars, the Court cannot, I think, exercife a jurifdiftion in the pre-fent caufe.
 

 .Chase,
 
 JuJiice.
 

 Qn the firft exception to this record, there is no diverfity of opinion ; -and,!, alfo, agree with the majority of the Court in-the dccifioh upon the fecond exception, . though' for reafons different fromthofe that have been aliigned.
 

 This is a' queftion of jurifdiftion.; and the. law .veils, the jurifdiftion, if the matter in' difpute between the parties exceeds the fum, or value, of 2000 dollars. Whenever the objeftion arifcs on the'amount of the matter in difpute, it is not, in my!
 
 *407
 
 opinion, to be fettled here, by what appears on the Writ of Error, but it is to be fettled in the inferior Court,, according to the circumftances appearing there, in each particular , cafe. There is no comftion, uniform, rule that can be applied to the fubjedt. I do not think, that the demand of the Plaintiff ought to be made the foie criterion ; for, then, every Plaintiff might entitle himfelf, in every Cafe, to a Writ of Error, by laying his damages proportionally high and I think that the amount rendered by the judgment would be found, in the far greater number of cafes, to be the true rule. It muft be acknowledged, however, that in a ¿lions of tort, or trefpafs, from the nature of the fu'its, the damages laid in the declaration afford the only pradticable teft of the value of the controverfy.
 

 Enquiring, therefore, what was in difpute in the prefent Cafe,we find, that the aélion was brought on a bond, with a condition for performing two a¿ls, and the non-performance of both a£ts conftitutes the breach afligned. The record is diftorted by great irregularities; but every part of the pleadings, verdí¿l, and judgment, that is not conformable to the common law, I rejedl as not belonging to the cafe; which is neither founded on the ftatute of 8 & 9
 
 TV.
 
 3.
 
 c.
 
 10. nor on the a£l of the Affembly of
 
 Virginia.
 
 Corifidered, therefore, as an a£lion.at common law, the penalty is forfeited on the non-performance pf either of the a£ls, which are the fubje¿l of the condition. The judgment of the Court is rendered for that penalty; and though it is ftated, that the judgment íhall be difeharged, on payment of a fmaller fum; fuch a ftipulation is inconfiftent with the nature of a common law j udgmsnt; it muft be treated as mere furplufage; and in this view of the cafe, I am of opinion that the . Court has ju-rifdi£lion.
 

 •Elsworth,
 
 Chief fvflice.
 

 1 will repeat and. explain one , expreflion, which was ufed in delivering the opinion of the Court, and which feems to .have been mifunderftood.
 

 It was not intended to fay, that on every fuch quefiion of iu* rifdidlion, the demand of the' Plaintiff is. alone to be regarded j but that the value of the thing put in demand furniihed the rule. The nature of the cafe muft certainly guide the j udgment of the Courtand whenever the law makes a rule, that rule muft be purfued. Thus, in an adtion of debt on a bond for
 
 f
 
 roo, the principal 'and intereft are put in demand, and' the Plaintiff can . recover no mo're, though he may lay his damages at
 
 f
 
 10,000. The form of the a£tion, therefore, gives in that cafe the. legal rule. But in an a£tion' of trefpafs, or affault and battery, where the.law.prefcribes no limitation as to the amount to he recoyerV ed, and the Plaintiff has a right' co-cftimate his damages at .any. fum, the damage ftated in the declaration is the thing put in;
 
 *408
 
 demand; and prefents the only criterion, to which, from the mature of the afldon, we can refort in fettling the queltion of iu-rifdiitipn. ■
 

 The propolltion then is limply this : Where the law gives no rule, the demand of the Plaintiff mull: fur'nilh one ; but where the law gives the rule, the legal caufe of aftion, and not .the Plaintiff’s demand, muff be regarded.
 

 The objeétions over-ruled, and
 

 Judgment affirmed.
 
 *
 

 *
 

 1
 
 D;U1. 358- Cafit temp-Hard. %
 

 *
 

 Bcfides the exceptions above ftated, feveral errors \yere afligned, xvhich had been argued at a former term, in the abfenceof the Chief/af-$ce. Thve Court, after-deciding the queftion O'fjurifdiiStion, ea-lled’on '«the Coutiíh) to proceed in the argument on thole errors ; but E•
 
 TUghman
 
 obferved, that the Court hod beenfo evideutly.againft him,thathe would riot pre/s the fubjeft further*