51 125
52 111
52 118
51 125
56 112

## JOSEPH GARTNER v. ISAAC COHEN.

1. The several statutes relating to the jurisdiction and practice of District Courts, though varying in their titles, are *in pari materia,* and must be construed as parts of one system or law.
2. Whether the defendant resides in the city or county, the remedy for review of judgment in District Courts, where the debt, demand or damage in controversy exceeds the sum or value of $200, is by *certiorari* to the Supreme Court, and not by appeal to the Court of Common Pleas.
3. A *mandamus* will not be allowed to compel a district judge to accept a bond and settle and sign the case for appeal to the Court of Common Pleas in such cases.

On rule to show cause why a *mandamus* should not issue to compel the judge of the second District Court of Jersey City to accept the bond and allow an appeal from a judgment in said court in a plea of tort to the Court of Common Pleas of Hudson county.

The summons was for $300 damages; it was served on the defendant, Cohen, who resided in the city of New York, in the city of Bayonne, where the plaintiff, Gartner, resided, and the cause of action arose. The cause was tried before the District Court, a verdict was found by a jury for $125, costs were taxed and judgment entered for the amount. On notice and demand of appeal in the statutory form, the judge declined to accept the bond, settle and sign the case for appeal, for the reason that the defendant's remedy was by *certiorari* issued out of and returnable to the Supreme Court.

Argued at June Term, 1888, before Justices SCUDDER and REED.

For the plaintiff, *De Witt Van Buskirk.*

For the defendant, *J. Flemming.*

The opinion of the court was delivered by

SCUDDER, J.. The act relative to the jurisdiction and practice of District Courts in this state, approved March 27th, 1882 (section 1), extends their jurisdiction to every suit of a civil nature at law in which the debt, balance, damage, or the matter in dispute, does not exceed, exclusive of costs, the sum or value of $300, excluding any suit or action where the title to lands and real estate shall come in question.

Section 2 directs that when such suits exceed the sum or value of $200, exclusive of costs, all writs shall issue to the sheriff of the county wherein the city is located, in which any such District Court is established, and shall be issued out of said courts and returned thereto in like manner as writs out of the Court of Common Pleas of this state.

By the statute passed February 9th, 1886 (*Pamph. L., p.* 16), from and after the passage of that act, the territorial jurisdiction of each and every District Court established by law in any city of this state, whether by general or special statute, shall be and the same is thereby declared to be co-extensive with the limits of the county in which such city may be, within which any District Court or courts is now or may hereafter be established by law.

In the supplement approved March 11th, 1885 (*Pamph. L., p.* 83), the pleadings to be filed in said District Courts in any suit where the debt, demand or damages claimed actually exceed the sum or value of $200, shall be the same as those in the Circuit Courts of the several counties of this state, and the proceedings thereunder at the times and in the manner set forth.    Section 13 of the act of 1882 (*Rev. Sup., p.* 263), enacts that the final decision and determination of any District Court in this state, upon any suit where the debt, demand or damage in controversy exceeds the sum or value of $200, may be removed to the Supreme Court of this state by *certiorari*, at the instance of either party thereto, for review by the Supreme Court, in the same manner as causes heard and determined in the Inferior Court of Common Pleas of this state may be heard and reviewed; provided, however, that no

reversal for error of law shall be made or a new trial granted for the admission or rejection of evidence, or the refusal of the district judge to grant a new trial, unless exception to the ruling of the court below was taken at the trial and is presented to the court in a bill of exceptions, sealed by the judge. The remainder of the section provides for giving a bond to abide the judgment of the court on this appeal.

This arrangement of these different sections shows that in suits for the recovery of over the amount of $200 the proceedings in these courts of inferior jurisdiction, from the issuing of the summons to the judgment on the review by *certiorari* in the Supreme Court, shall be in the usual form of actions in the higher courts, except that a *certiorari* is used, with a bill of exceptions, instead of a writ of error. There is some variation in the titles of these acts and others relating to the establishment of District Courts in the cities of our state, but they are parts of one system, and *in pari materia,* therefore they are all to be construed together and as if they were one law, to ascertain their meaning and effect. *Potter's Dwar. Stat.* 189 ; *White* v. *Hunt,* 1 *Halst.* 415 ; *Bracken* v. *Smith,* 12 *Stew. Eq.* 169.

It is argued that the words in section 13, that where the debt, demand or damage exceeds $200 the judgment *may* be removed to the Supreme Court by *certiorari,* is not exclusive, but gives a choice of remedies, either by appeal to the Common Pleas, or by *certiorari* to the Supreme Court; but in the section (171) of the District Court act giving an appeal (*Rev. Sup., p.* 252) the same word is used ; the party dissatisfied *may* appeal to the Court of Common Pleas. This plainly means that he may submit to the judgment, or appeal, in the one case; or have his writ of *certiorari,* in the other ; not that he may take either, at his election. But it is said, further, that the defendant residing in another state, and being served with process, not within the boundaries of Jersey City, but at Bayonne, in the county, is entitled to the benefit of the proviso of the act of April 14th, 1884, § 8, by which, in the extension of the jurisdiction of city District Courts to the limits of

the county, such extended jurisdiction in all cases shall not affect the right of appeal to the Court of Common Pleas in matters of law or fact, in cases where the defendant resides out of the limits where District Courts now have exclusive jurisdiction. The later act of February 9th, 1886, which also extends to the territorial limits of the county, without this proviso, although it has no repealing section, covers the whole subject of territorial jurisdiction, and must, by implication, repeal this prior act, including the proviso, or so far repeal it as it conflicts with the act of 1882, which gives the review by *certiorari* in any suit where the debt, demand, &c., exceeds the sum or value of $200. It is the duty of the court to make these sections harmonize, if possible ; and this may be done by applying the proviso to suits under $200, where an appeal is given as in justices' courts, in law or fact ; and by giving the review by *certiorari* in all cases when the amount is greater.

The more substantial grounds of complaint made by the defendant in this case are that he is sued for a sum of $300, and thereby deprived of his appeal to the Court of Common Pleas, as in cases before the justice's court, and subjected to the same taxed costs for the attorney, court, clerk and sheriff's fees, as are taxable in the Circuit Courts of the several counties in this state. *Rev. Sup.*, *p.* 263, ¶ 226. The judgment recovered is for $125 damages, and $40.33 taxed costs of suit. These costs are certainly oppressive on such a small claim sued for in an inferior court. If there be any abuse of the process of the court, by action for a much larger amount than can reasonably be demanded, and by overtaxing the costs, these may be controlled by further legislation.

Our duty on the present motion to make the rule absolute for a *mandamus*, and to remove the stay on any proceedings to enforce the judgment obtained, until it is decided in what form the defendant may have his appeal, is only to construe the statutes with reference to the special matter in controversy. The rule for *mandamus* will be denied, and the rule to stay continued until the further order of the court. As the motions

have been argued together by consent, and neither party has succeeded in his motion, no costs will be allowed on either side.