### ISAAC COHEN v. JOSEPH GARTNER.

The return to a *certiorari* directed to a District Court and requiring it to send up a judgment in a suit where the debt or demand in controversy exceeded $200, showed certain exceptions taken in the trial below and sealed by the judge.   It being alleged that other exceptions taken were not returned, motion was made for a rule requiring the judge to seal and return such omitted exceptions set forth *verbatim*.   *Held*—

1. That the review of such a judgment by *certiorari* must be pursued according to the general practice of this court upon that writ and the practice required by the thirteenth section of the "Act relative to the jurisdiction and practice of District Courts in this state." *Rev. Sup.*, *p.* 261.   And

2. That such practice will not permit a rule requiring an inferior court, whose adjudication is sought to be reviewed, to return any specific matter, nor a rule compelling a judge to seal an exception.   And

3. It seems that if it appeared that exceptions duly sealed had been filed with the District Court and were not returned, a rule requiring that court to certify whether such exceptions were so sealed and filed, and if so, to return them, would be proper.

---

Motion for rule, &c.

Argued at June Term, 1889, before Justices REED, MAGIE and GARRISON.

For the motion, *James Fleming.*

*Contra, De Witt Van Buskirk.*

The opinion of the court was delivered by

MAGIE, J.   Prosecutor has brought before us by this writ of *certiorari* a judgment against him rendered in a District Court in a suit where the demand in controversy exceeded $200.   The suit in that court was justified by the "Act relative to the jurisdiction and practice of District Courts in this state," approved March 27th, 1882.   *Rev. Sup., p.* 261.   It has been held that this judgment can only be reviewed by *certiorari.*   *Gartner* v. *Cohen,* 22 *Vroom* 125.

The return shows several exceptions taken in the court below and sealed by the District Court judge.   Prosecutor now alleges that other exceptions were taken, and he asks that a rule be entered requiring that judge, by way of further return, to seal and send to this court those other exceptions with the evidence bearing thereon.

The practice of sealing exceptions as the ground of review of the rulings excepted to, has hitherto been confined to cases where the review is by writ of error.   But the thirteenth section of the act above referred to, in prescribing a review by *certiorari,* provides that " no reversal for error of law shall be made or a new trial granted for the admission or rejection of evidence or the refusal of the district judge to grant a new trial, unless exception to the ruling of the court below was taken at the trial and is presented to the court in a bill of exceptions sealed by the judge."

This provision is all that the act contains respecting this important change in the proceeding to review by *certiorari.* It expressly requires an exception to be taken, to be sealed by the judge, and to be presented to the court of review.

There is no express requirement that the judge shall seal the exceptions taken, such as is contained in section 242 of the Practice act (*Rev., p.* 886), nor any express provision for the return of the bills of exceptions with the record, like that contained in section 245 of that act (*Rev., p.* 887) ; but I apprehend it can hardly admit of a doubt that by the terms of this section a duty to seal exceptions regularly taken devolves on the judge, and that, if sealed exceptions are included in the

return, they are to be taken in this court as duly taken, sealed and presented. Whether other exceptions taken and sealed may not also be here presented need not be decided.

The present application is not for a *mandamus* to compel the judge to perform the duty which I have suggested the statute imposes on him. It is for a rule requiring him to amend the return by (1) sealing, and (2) returning exceptions set out *verbatim.*

Counsel bases his motion on the terms of Rule 52 and the thirteenth section of the act above mentioned.

The fifty-second (formerly fifty-third) rule has long ago been settled not to permit this court to require from an inferior tribunal, whose adjudication has been brought here by *certiorari* for review, a specific return. The proper practice is to call on the court below to certify as to the matter alleged to have been omitted from the record or to have occurred in the proceedings. *Scott* v. *Beatty*, 3 *Zab.* 256 ; *Moore* v. *Hamilton*, 4 *Id.* 532; *Parsell* v. *State*, 1 *Vroom* 530 ; *Pinkney* v. *Ayres*, 1 *Zab.* 694.

The thirteenth section of the act in question does not operate to change this practice. If its provisions limit our review to points on which a sealed exception has been presented here, there is no power to bring before us such exceptions other than those powers which we exercise generally in furtherance of a review by *certiorari.*

The result is that, there being no power in this court, by a mere rule, to compel a district judge to seal an exception, and a rule requiring the return of specific exceptions being improper, the motion must be denied.

If the allegation of diminution was to the effect that exceptions duly taken and sealed had been put on the files of the District Court but had not been sent up with the record, it would seem that it would be proper to rule that court to certify whether such exceptions were taken, sealed and filed, and if so, to return them.