ISAAC N. QUIMBY v. JAMES D. HOPPING, EXECUTOR.

| 52 | 117 |
|----|-----|
| 60 | 119 |

A plaintiff in a District Court filed a demand in debt for $200, made up as follows, viz., for various items specified, amounting to $419.66, on which was allowed a credit of $200, and the plaintiff waived any claim for $19.66. *Held*, that for alleged errors in the trial and judgment the remedy was by appeal, and the District Court having jurisdiction, a *certiorari* would not lie.

*Certiorari* removing judgment of District Court of Jersey City.

The action was in debt, and the plaintiff's demand was for $200. This sum represented a balance thus reached: The plaintiff showed his whole claim to have been $419.66; he reduced the amount by specific credits amounting to $200, and he waived $19.66 of the claim.

Defendant filed a set-off for the items for which plaintiff had given credit.

Judgment was rendered for $13 debt, and $8.64 costs. No appeal was taken, but this *certiorari* was sued out.

Argued at June Term, 1889, before Justices REED, MAGIE and GARRISON.

For the plaintiff in *certiorari*, *S. B. Ransom.*

For the defendant, *W. H. Corbin.*

The opinion of the court was delivered by

MAGIE, J.  The first question for consideration in this case is raised by the contention that this writ should be dismissed, as improperly allowed.

By the provisions of the various acts respecting District Courts, all causes therein are, for the purposes of proceedings to review the same, divided into two classes.  The first class comprises all suits "where the debt, demand or damage in controversy exceeds the sum or value of two hundred dollars," and such suits, by the provisions of section 13 of the "Act relative to the jurisdiction and practice of District Courts in this state," approved March 27th, 1882 (*Rev. Sup., p.* 261), may be removed by *certiorari* to this court for review, and no appeal will lie.

In all other suits, by the eighty-seventh section of the "Act constituting District Courts in certain cities in this state," approved March 9th, 1877 (*Rev. Sup., p.* 237), if the court has jurisdiction, relief by way of a review of the judgment is restricted to an appeal to the Common Pleas, which is given by section 171 of the same act (*Rev. Sup., p.* 252), and the determination of that court on such appeal may be removed to this court for review by *certiorari.  Rev. Sup., p.* 253. *Gartner* v. *Cohen,* 22 *Vroom* 125.

The provisions of the United States Judiciary act, giving a writ of error where the matter in dispute exceeds a specified sum, were at first construed to refer to the matter in dispute in the court below.  *Wilson* v. *Daniel,* 3 *Dall.* 401.  That case has been overruled, and it is now established that the jurisdiction to review by a writ of error in such cases will depend upon the magnitude of the matter in dispute in the reviewing court.  *Gordon* v. *Ogden,* 3 *Pet.* 33 ; *Hilton* v. *Dickinson,* 108 *U. S.* 165.

The language of the act now under consideration differs materially from that of the Judiciary act. By it the cases in which a *certiorari* may be at once allowed are defined by this expression, "the final decision and determination of any District Court upon any suit where the debt, demand or damage in controversy exceeds the sum or value of two hundred dollars." The judgment which is to be thus reviewed is evidently one rendered in a suit in which the matter in controversy exceeds the sum named.

But upon this construction it is clear, in my judgment, that the judgment in this case was not one which could be at once reviewed by *certiorari.*

Plaintiff's original demand was diminished by a specific credit, which defendant's set-off indicated was a real and not fictitious credit. The balance exceeded $200, but, by the provisions of section 9 of a supplement to the District Court act, approved April 14th, 1884 (*Rev. Sup., p.* 260), a party may waive any part of his claim which is in excess either of $200 or of $300, "as the case may be." This plainly permitted the plaintiff below to waive $19.66, and so to reduce his claim to $200. There was then a debt and demand in controversy not exceeding $200, and from a judgment thereon an appeal, and not a *certiorari,* would lie. In such case a review by this court is merely postponed until after the judgment of the Common Pleas on the appeal.

It is unnecessary to consider any of the other questions argued, for the writ must be dismissed for these reasons.