.. THE STATE, JULIA LOCHANOWSKI, PROSECUTRIX, v.
PATRICK S. McKEONE.

A plaintiff in the District Court presented a claim against the defendant largely in excess of $200, but waived the excess over that amount; the defendant filed a set-off, the items of which aggregated much more than $200, but only claimed that amount against the plaintiff. *Held,* that the District Court had jurisdiction of the case, and that the only method of reviewing its judgment was by appeal to the Common Pleas.

On *certiorari,* removing judgment of the District Court of Elizabeth.

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the prosecutrix, *James C. Connolly.*

For the defendant, *Jeremiah A. Kiernan.*

The opinion of the court was delivered by

GUMMERE, J. The plaintiff below, who is the defendant here, sued to recover the sum of $200, expressly waiving in his state of demand any part of his claim in excess of that amount. The items going to make up his claim are not set forth in his original state of demand, but, by an amended state of demand subsequently filed by him, they are shown to amount to $1,250. Against this sum he allows the defendant credits amounting to $639.55, thereby reducing his claim to $610.45.

The defendant filed a set-off against the plaintiff's demand, claiming therein the sum of $200 from him. There was, however, annexed thereto a bill of particulars showing the total amount of the defendant's claim against the plaintiff to be the sum of $998.83. The District Court rendered judgment in favor of the plaintiff for $80.55.

Upon this state of facts it is insisted, on behalf of the

prosecutrix, that the District Court was without jurisdiction to try the cause. But this contention can only be supported by disregarding the provision of the ninth section of the supplement to the District Court act of April 14th, 1884. *Gen. Stat.*, p. 1254, § 217. That section provides "that in any suit in any District Court in this state it shall be lawful for the plaintiff, or for the defendant in a set-off, to waive the excess over two hundred dollars." That, it seems to us, the parties to this suit each of them did; the plaintiff in his state of demand, by express words, and the defendant by claiming from the plaintiff, in her set-off, only that amount. This action of the parties vested the District Court with jurisdiction over the subject-matter of the litigation. *Quimby* v. *Hopping,* 23 *Vroom* 117.

This being so, it is immaterial, so far as the disposition of the case here is concerned, whether the judgment rendered by the court below was erroneous, as is claimed by the prosecutrix, or not; for, as the amount involved did not exceed $200, the only method by which the prosecutrix could have obtained relief against the alleged erroneous judgment was by an appeal to the Court of Common Pleas. She was prohibited by the statute from removing the judgment into this court, by *certiorari,* for review. *Gen. Stat.,* p. 1229, § 87.

The prosecutrix has mistaken her remedy, and the *certiorari* must be dismissed.