WESTERN UNION TELEGRAPH COMPANY v. R. COBB, JR.

No. 1084. Decided March 20, 1902.

Telegraph—Delivery—Hotel Clerk.

Delivery of message to the clerk of a hotel where addressee lodged was not a compliance with the undertaking of the telegraph company. (Pp. 333, 334.)

Question certified from the Court of Civil Appeals, Second District, in an appeal from Montague County.

*Wilkins & Vinson,* for appellant [*Geo. H. Fearons,* of counsel].— There is an implied authority on the part of a hotel clerk to receive a telegram for a guest where the person to whom it was addressed was a boarder at the hotel, and such delivery is, by law, a delivery to the addressee. Telegraph Co. v. Cullers & Henry, 3 Willson C. C., sec. 289; Telegraph Co. v. Trissal, 98 Ind., 566.

*James A. Graham* and *J. M. Chambers,* for appellee.—The delivery of a message to any person other than the addressee, unless such other person has authority to receive same, is a breach of the contract of transmission. Telegraph Co. v̇. Wifford, 60 S. W. Rep., 546.

WILLIAMS, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Second District certifies the following question:

"This appeal, now pending before us, is from a verdict and judgment in favor of appellee against the appellant recovered in the County Court of Montague County as damages for the failure on the part of appellant to promptly deliver a message sent by appellee to his brother, Percy Cobb, at Bowie, Texas, informing him of the serious illness of appellee in the Indian Territory, and of the surrounding circumstances of distress which his brother could and would have relieved, as found by the jury, if the telegram had been promptly delivered. Instead of delivering the message to Percy Cobb, it was promptly delivered to the clerk of the Brown Hotel, where he roomed and boarded. The evidence, however, failed to show that it was the custom of its clerk to receive telegrams for the hotel guests, and the evidence affirmatively showed that Percy Cobb had not in fact given said hotel clerk any such authority unless it was conferred by his taking lodging and board at the

hotel. Unless the delivery to the clerk was a sufficient delivery, the company was undoubtedly guilty of negligence and liable in damages for the injury sustained, but if the delivery to the hotel clerk was a sufficient compliance with its contract, appellee was not entitled to recover.

"Error is assigned to the court's refusal to give the following instruction at the request of appellant: 'If you find and believe from the evidence that the defendant's messenger boy, upon the receipt of the message in question in this case, delivered the same to the clerk of the Brown Hotel where Percy Cobb, the addressee of said message, roomed and boarded, then you are instructed that such delivery was a full and complete discharge of the defendant's duty in reference to the delivery of said message, and you will find for the defendant.'

"Unless there was error in refusing this charge, the judgment must be affirmed, and we deem it advisable, in response to request of counsel for appellant, to certify the material question thus raised,—that is, whether a hotel clerk has implied authority from the guests of the hotel to receive telegrams for them, and whether the court erred in refusing to so charge in the absence of evidence showing the custom of the Brown Hotel, or hotels generally, in this respect. In this connection, we refer to the case of Western Union Telegraph Company v. Trissell, 98 Indiana, 556."

The question presented is whether or not the mere relation of hotel keeper and lodger and boarder creates, in law, an authority in the former or his clerk to receive telegrams addressed to the latter. It must be answered in the negative. Since there is no evidence stated from which it might be inferred as a fact that Cobb had constituted the clerk of the hotel his agent or servant for such purposes, there is nothing to be considered but the fact that he boarded and lodged at the hotel. If such an authority arose from that fact alone, it could only be because the performance of such services by the keeper of the hotel was among the duties imposed on him by law towards those so boarding with him. Should it be assumed that the full relation of innkeeper and guest existed (which does not appear), and that all of the duties arising from it rested on the keeper of this hotel, we know of no authority that would include among them that of receiving and assuming the responsibility of safely delivering telegrams. We can see no reason why such a duty would exist, if not voluntarily assumed, any more than that of receiving other notices or of transacting other business for the boarder.