### 6536

### RAY v. SOUTHERN RY.

1. AMENDING PLEADINGS—REMOVAL.—If the complaint at the time of filing petition and bond for removal state a removable case, no subsequent amendment by the State Court can defeat jurisdiction of Federal Court by reducing amount in dispute to less than jurisdictional amount.
2. CONSTRUING COMPLAINT AS TO AMOUNT OF DAMAGES.—Where a plaintiff alleges in two causes of action, in tort and contract, a state of facts from which only one liability in unliquidated damages arises, the amount sought to be recovered is limited by the amount asked in the prayer, although the same amount is laid as damages in each cause of action as stated.

Before WATTS, J., Aiken, May, 1906.    Affirmed.

Action by H. J. Ray and Elsie C. Ray against Southern Ry. Co. From order refusing to sanction removal, defendant appeals.

*Messrs. Hendersons,* for appellant, cite: *Subsequent amendment cannot defeat federal jurisdiction:* 15 How., 467; 75 S. C., 326. *Prayer cannot control in construction of complaint:* 27 S. C., 225; 26 S. C., 308; 13 S. C., 439; 18 S. C., 600.

*Messrs. Davis, Gunter & Gyles,* contra, cite: *As to construction of pleadings:* Code, 1902, 180; 56 S. C., 241; 85 S. C., 104; 12 S. C., 1; 60 S. C., 492. *Office of prayer in actions for damages:* 5 Ency. P. & P., 710, 712; 1 Bay, 158; Dillon's Removal of Causes, 104; 1 Wall., 339; 46 N. Y., Sup. Ct., 214.

May 6, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. At the time of answering in this case the defendant filed, with the clerk of the Circuit Court for Aiken County, a petition for the removal of the action to the Circuit Court of the United States for the Fourth Circuit, on the ground of diverse citizenship, with proper bond as required and also filed with the clerk of said Circuit Court of the United States in Charleston certified copies of the record. Then, on March 23, 1906, defendant served notice of motion before the State Circuit Court to approve the bond and sanction the removal. Thereafter, on March 27, 1906, plaintiff served notice of a motion for leave to amend the complaint. The Circuit Court Judge, R. C. Watts, construed the complaint as stating two causes of action, one for breach of contract and one for tort, each stating the amount of damages to be the sum of nineteen hundred dollars, but that the prayer for relief demanded judgment for only nineteen hundred dollars and costs; that. therefore, the amount in dispute was only $1,900, and that the case was not removable, and refused to sanction removal. Under the view taken by Judge Watts the amendment proposed was unnecessary, but seeing no harm in it he granted the same.

The defendant's exceptions question the correctness of both orders.

In the first cause of action it is alleged: (1) That the defendant is incorporated under the laws of Virginia and is doing business in this State as a railway corporation, having conformed to its laws. (2) That as a part of its train of cars defendant operates Pullman cars for the convenience

of its passengers upon the payment of an extra charge. (3) That plaintiffs, on July 8, 1905, desiring to take transportation next day on defendant's train from Aiken to Sullivan's Island *via* Charleston for themselves and family, consisting, besides themselves, of five children and two nurses, one of the children being sick at the time, informed defendant's agent at Aiken, S. C., of these facts and requested him to procure and reserve accommodations for said family on said Pullman cars, and that said agent assured plaintiffs that said accommodations could easily be obtained and promised that the seats would be furnished. (4) That on the morning of July 9, 1905, the plaintiffs, together with their said family, having purchased from defendant tickets for transportation from Aiken to Charleston, and conducting themselves in a proper manner, applied to the conductor in charge of the Pullman car attached to said train and demanded accommodation in said car and offered to pay the charges therefor, but that said conductor negligently and wantonly refused to accept plaintiffs and their family as passengers on said car, notwithstanding there was a large number of vacant seats in said car, and notwithstanding notice of the necessity for such seats by reason of the child's illness. (5) That by reason of said negligent and wanton conduct of defendant's said agent plaintiffs, with their children, were compelled to enter the regular passenger car and take seats in the smoking department which was filled with the fumes and smoke of tobacco, which caused plaintiffs much suffering, annoyance, humiliation and distress, and especially anxiety of mind on account of the sick child; that the conductor in charge, with notice of the illness of the child and the suffering of the family, failed and refused to provide relief, and the child, by reason of the exposure to said discomforts, grew worse and continued to grow worse until on arrival at their destination they were compelled to incur the expense of medical attention. (6) That by said negligent and wanton conduct of defendant company, and the negligent and wilful failure

to provide plaintiffs and their family with proper conveniences, the plaintiffs and their children were caused great physical and mental suffering and the sick child was caused to become worse so as to require the expense of the attendance of a physician.    (7) "That by reason of the said negligent and wilful and wanton breach of defendant's contract as aforesaid and negligently, wilfully and wantonly treating the plaintiffs and their family in the manner aforesaid, and negligently, wilfully and wantonly causing them the suffering and worry and anxiety and trouble as aforesaid, and in other respects, plaintiffs have been damaged in the sum of nineteen hundred dollars ($1,900)."    (8) That plaintiffs are citizens and residents of the county of Aiken, in this State.

The allegations of the second cause of action were substantially the same as the foregoing, except that the seventh paragraph was as follows: (7) "That by reason of the said negligent and wilful and wanton breach of the defendant's duty as aforesaid, by its negligently, wilfully and wantonly treating the plaintiffs and their family in the manner as aforesaid, and negligently, wilfully and wantonly causing them the suffering and worry and anxiety and trouble as aforesaid, and in other respects, plaintiffs have been damaged in the sum of one thousand nine hundred dollars ($1,900)."    Judgment was demanded for $1,900.

The amendment allowed after the refusal to sanction removal struck out the words, "in the sum of nineteen hundred dollars ($1,900)," at the end of the seventh paragraph of the first cause of action, and the words, "in the sum of one thousand nine hundred ($1,900)," at the end of the seventh paragraph of the second cause of action, and adding in lieu thereof, "in the aggregate in the sum of one thousand nine hundred dollars ($1,900)."

The real question presented is whether the complaint at the time of filing the petition and bond for removal stated a removable case; for, if so, no subsequent amendment by

the State Court could defeat the jurisdiction of the Federal Court by reducing the amount in dispute to less than the jurisdictional amount. *Kanouse* v. *Martin,* 15 How., 198, recognized in *Young* v. *Southern Bell Telephone & Tel. Co.,* 75 S. C., 332.

The framer of the complaint may have attempted to set up a cause of action based on contract and a cause of action based on tort, but it is manifest that but a single liability in damages can arise upon the facts stated. Both alleged causes of action seek to recover unliquidated damages for an alleged negligent and wilful breach of duty arising out of substantially the same state of facts. The prayer for relief therefore covered the largest amount for which there could be a recovery should plaintiff prevail.

Where the nature of the case as stated in the complaint affords no guide to determine the amount in dispute the Court must necessarily look to the amount demanded in the complaint as the proper criterion. *Wilson* v. *Daniel,* 3 Dall., 401; *Berry* v. *Edwards,* 116 U. S., 560. This rule is especially applicable in cases founded in tort, where the recovery sought is for unliquidated damages, which must be limited by the amount for which judgment is sought. The fact that damages to the extent of $1,900 was alleged in each cause of action cannot operate to enlarge the amount for which judgment was recoverable, since upon the facts stated there is but a single liability for unliquidated damages not exceeding the sum demanded in the prayer for judgment.

We agree, therefore, with the Circuit Court that the case was not removable, and it must follow it was within the power of the Court to allow the amendment sought.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.