**HAVILAND**

v.

**WESTERN UNION TEL. CO.**

**Civ. A. No. 1017.**

United States District Court
S. D. Texas, Corpus Christi Division.

Oct. 13, 1953.

On the Merits Feb. 24, 1954.

⬛188½

Pichinson & Utter, Carl C. Chase, Jr., Corpus Christi, Tex., for plaintiff.

Boone, Davis & Cox, Corpus Christi, Tex., for defendant.

ALLRED, District Judge.

Action for $35,000 damages for failure to deliver a telegraphic money order, originally filed in the state district court by plaintiff, a resident citizen of Sam Patricio County, Texas, against defendant, a New York corporation, and removed to this court because of diversity of citizenship and amount in controversy.

After removal, defendant set up as a separate and partial defense that the money order was sent subject to its standard money order contract, duly filed with the Federal Communications Commission, which limited defendant's liability to $500. Plaintiff concedes the validity of this limitation[1] and moves to remand on the ground that the matter in controversy does not exceed $3,000, exclusive of interest and costs.

■■ The right to remove is usually governed by the sum which plaintiff alleges; *answers and other defensive pleadings are not considered.*[2] After the federal court's jurisdiction has once attached on removal, it will not be ousted and the case remanded by a subsequent reduction or change of the amount in dispute to less than the jurisdictional amount.[3]

Plaintiff cites only one case in support of the motion to remand, Martin v. Western Union Telegraph Co., D.C.Wis., 57 F.Supp. 521, which is squarely in point. In that case, Judge Duffy recognizes the rule that jurisdiction is not lost where a plaintiff *reduces* his claim after removal but does not otherwise discuss the situation where the jurisdictional amount is reduced by a *defensive plea,* conceded to be good by a plaintiff.

Some of the cases state in general terms that if it appears from *the pleadings,* or *the record,* that there cannot legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the complaint of a larger one. One of the leading cases cited by Judge Duffy is Vance v. W. A. Vander-

1. Western Union Tel. Co. v. Nester, 309 U.S. 582, 60 S.Ct. 769, 84 L.Ed. 960; further holding that the $500 is a limitation, not fixed, liquidated amount.

2. 2 Cyc. of Fed.Proc., 3rd Ed., 316, 317, sec. 3.92.

3. 2 Cyc. of Fed.Proc., 3rd Ed., 404, sec. 3.139.

cook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111. There the plaintiff sought to recover the value of property converted by the defendant (less than the jurisdictional amount) plus "consequential" damages sufficient, when added to the actual damages, to bring the claim above the jurisdictional amount. "Consequential" damages had been held not to be recoverable under South Carolina state law where the Federal action was pending. The Supreme Court said, 170 U.S. at page 472, 18 S.Ct. at page 647, 42 L.Ed. 1111:

> "In determining *from the face of a pleading* whether the amount really in dispute is sufficient to confer jurisdiction upon a court of the United States, it is settled that if, from the nature of the case *as stated in the pleadings,* there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach, even though the damages be laid *in the declaration* at a larger sum. Barry v. Edmunds, 116 U.S. 550, 560, 6 S.Ct. 501 [29 L.Ed. 729]; Wilson v. Daniel, 3 Dall. 401, 407 [1 L.Ed. 655]." (Emphasis supplied.)

And again, 170 U.S. at page 481, 18 S.Ct. at page 650, 42 L.Ed. 1111:

> "As, however, by way of damages in an action of this character, recovery was only allowable for the actual damage caused by the detention, and could not embrace a cause of damage which was not, in legal contemplation, the proximate result of the wrongful detention, and such recovery was confined, as we have seen, to interest on the value of the property, it results that there was nothing in the damages *alleged in the petition,* and properly recoverable, adequate, when added to the value of the property, to have conferred upon the court jurisdiction to have entertained a consideration of the suit. *Upon the face of the complaint,* therefore, the circuit court was without jurisdiction over the action * * *." (Emphasis supplied.)

Thus it is to be observed that, notwithstanding general language, "as stated in the pleadings," the Vance case was decided upon the fact that it clearly appeared from the *complaint* that plaintiff could not possibly recover an amount sufficient to confer jurisdiction.

In Barry v. Edmunds, supra [116 U.S. 550, 6 S.Ct. 506], the Court says:

> "It is true, indeed, that in some cases it might appear as matter of law, from the nature of the case as *stated in the pleadings,* that there could not legally be a judgment recovered for the amount necessary to the jurisdiction, notwithstanding the damages were laid in the declaration at a larger sum. In the early case of Wilson v. Daniel, 3 Dall. 401 [407, 1 L.Ed. 655], decided in this court in 1798, under the judiciary act of 1789, then in force, it was declared, by Chief Justice Ellsworth, that 'the nature of the case must certainly guide the judgment of the court; and *whenever the law makes a rule,* that rule must be pursued. Thus, in an action of debt on a bond for £100, the principal and interest are put in demand, and the plaintiff can recover no more, though he may lay his damages at £10,000. The *form of the action,* therefore, gives in that case the legal rule. But in an action of trespass, or assault and battery, where a *law* prescribes no limitation as to the amount to be recovered, and the plaintiff has a right to estimate his damages at any sum, the damage stated in the declaration is the thing put in demand, and presents the only criterion to which, from the nature of the action, we can resort in settling the question of jurisdiction. The proposition, then, is simply this: Where *the law* gives no rule, the *demand of the plaintiff* must furnish one; but where *the law* gives the rule, the legal cause of action, and not the plaintiff's demand, must be re-

garded.' The amount of damages laid in the declaration, however, in cases where *the law* gives no rule, is not conclusive upon the question of jurisdiction; but if upon the case stated there could legally be a recovery for the amount necessary to the jurisdiction, and that amount is claimed, it would be necessary, in order to defeat the jurisdiction since the passage of the act of March 3, 1875, for the court to find, as matter of fact, upon evidence legally sufficient, 'that the amount of damages stated in the declaration was colorable, and had been laid beyond the amount of a reasonable expectation of recovery, for the purpose of creating a case' within the jurisdiction of the court. Then it would appear to the satisfaction of the court that the suit 'did not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court.' " (Emphasis supplied.)

 Here *the law* gives no rule whereby plaintiff could not recover an amount within the jurisdiction of this court. Rather it is a defensive matter, injected into the case by defendant, after removal, that limits plaintiff's recovery to not more than $500. Certainly, there is no hint or claim that plaintiff's demand was *colorable*. Indeed, as pointed out in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, there could be no such contention since plaintiff did not invoke the jurisdiction of this court. He was brought here against his will by removal from the state court. At the time of removal, for all the record showed, he might have recovered the full amount he sued for. Defendant, therefore, had the right to remove; and jurisdiction, once acquired, is not lost by reduction of the claim because of a defense conceded to be good. Service Finance Corp. v. Coppard, 5 Cir., 116 F.2d 488.

 If further argument be needed, it seems to me that Western Union v. Nester, supra, is decisive of the jurisdictional question also. There plaintiff sued for $7600 damages for failure to transmit a money order. Western Union pleaded, as here, that its liability was limited to $500 by its standard money order contract. The Court of Appeals, of its own motion questioned, and sustained, jurisdiction on a question of citizenship—*not amount in controversy*. The Supreme Court reversed the Court of Appeals holding, as pointed out, that the $500 limitation, while valid, was not a fixed liability. The first duty of any court is to inquire as to jurisdiction and to raise the question even though the parties have not done so. I cannot imagine the Supreme Court failing to raise the question on appeal. If Western Union's answer operated to oust the court's jurisdiction, I have no doubt the Supreme Court would have directed dismissal.

Plaintiff's motion to remand will be overruled. The Clerk will notify counsel.

### On the Merits

Plaintiff, a Texas citizen, sues defendant, a foreign corporation, for damages for failure to deliver a telegraphic money order sent to plaintiff at New Orleans, Louisiana, by his wife at Corpus Christi, Texas. The action asking for $35,000 damages was originally filed in the State Court and removed to this court. After removal defendant set up a valid contractual limitation of liability to $500. This was conceded by plaintiff who then moved to remand. This was overruled by the court.

Plaintiff, a war veteran, was a patient in the United States Marine Hospital at New Orleans. On December 22, 1953, his wife called him from Aransas Pass, near Corpus Christi, and told him their 18 months old baby was in a serious condition and must be taken immediately to a Galveston hospital. She agreed to send him a telegraphic money order for $35 so he could fly to Corpus Christi the following day and take the baby to the hospital. She filed this money order at defendant's office at 1:36 a. m., on

December 23, 1952, and paid a toll of $1.72. The message was properly addressed to him at the Marine Hospital. At that time defendant had no notice of the reason for the sending of the money order.

It was received at Western Union's main office in New Orleans at 2:14 a. m. and sent out, with other messages, at 4:00 a. m. Under the hospital regulations, patients could not be seen in person; so at 7:30 a. m., the message was delivered to the telephone operator at the hospital and signed for by her. For some reason the message was not delivered to plaintiff by the hospital attendants, although plaintiff inquired for it more than once. He also called Western Union's branch office, (nearest the hospital, from which ordinary messages were ordinarily sent to patients at the hospital) and inquired as to whether the money order had been received. Plaintiff went to the branch office in person and checked every 15 minutes through the morning, then returned to the hospital and went back to the branch office in the afternoon. He explained his situation to defendant's employee at the branch office and, at his request, she inquired at defendant's main office. Each time he was told that no money order had been received, the last being at 5:30 p. m. Finally, after 6:00 p. m., he left New Orleans by bus, using money made up for him by other patients at the hospital.

Meantime, however, at 2:00 p. m., plaintiff had called his wife and reported the situation to her. She contacted defendant's manager in Corpus Christi who sent two messages to New Orleans without result.

The case was submitted to a jury which found, in response to questions that defendant was negligent in only one respect, i. e. (b) in failing to locate and pay plaintiff the money order within a reasonable time after he inquired at the New Orleans branch office. The jury further found that defendant's negligence was a proximate cause of plaintiff's having to ride a bus instead of a plane but that neither plaintiff nor his wife suffered any physical pain as a result thereof; but that both suffered mental anguish. Damages for mental anguish only were awarded, $100 to plaintiff and $200 for his wife.

Plaintiff moves for judgment on the verdict. Defendant opposes and renews its motion for instructed verdict which had been overruled and carried along with the case under Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

Defendant's principal ground is that, since it had no notice of special damage at the time the money order was filed, it completed its contractual duties when it delivered the message to the telephone operator at the Marine Hospital, citing 52 Am.Jur. 147–148; 62 C.J. 164, 187; Given v. Western Union Tel. Co., 8 Cir., 24 F. 119; Western Union Tel. Co. v. Mitchell, 91 Tex. 454, 44 S.W. 274, 40 L.R.A. 209; Western Union Tel. Co. v. Cobb, 95 Tex. 333, 67 S.W. 87, 58 L.R.A. 698; 40 Tex.Jur. 489, 511; and numerous other cases. Plaintiff does not dispute the general rules invoked by defendant but asserts, I think correctly, that this action is in tort, not contract, and that, while ordinarily these rules would have applied, defendant was under duty, when plaintiff repeatedly made inquiry and explained his plight at the New Orleans branch office, to find and deliver the money order. Cf. Western Union Tel. Co. v. True, 105 Tex. 344, 148 S.W. 561, 41 L.R.A., N.S., 1188. In any event, defendant undertook to determine whether the money order had been sent and, having undertaken this very logical duty, the jury was justified in finding that it should have discovered and paid it by the exercise of ordinary care.

Defendant's second proposition, however, must be sustained. This was an interstate message and, although Texas law[1] authorizes recovery of damages for mental anguish for failure to

I. 40 Tex.Jur. 547, sec. 113.

deliver *intrastate* messages, the reverse is true as to *interstate* messages, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, not applying.[2] This rule has always been applied by the Texas courts as to *interstate* messages,[3] even after Erie v. Tompkins.[4]

Plaintiff recognizes the general rule but says here plaintiff's and his wife's mental anguish is related to and connected with their health and physical condition. The difficulty is that the jury found they suffered no physical pain or injury.

Defendant's motion for judgment will be granted. The Clerk will notify counsel to submit an order accordingly.

**2.** O'Brien v. Western Union, 1 Cir., 113 F.2d 539, cited with approval, D'Oench, Duhme & Co. v. Federal Deposit Ins. Corporation, 315 U.S. 4473, 62 S.Ct. 676, 86 L.Ed. 956; Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165; Otis & Co. v. Se-
curities Exchange Commission, 323 U.S. 624, 65 S.Ct. 483, 89 L.Ed. 511.

**3.** 40 Tex.Jur. 551, sec. 114.

**4.** Western Union v. Junker, Tex.Civ.App., 153 S.W.2d 210.