**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4059**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL ALEXANDER, a/k/a David Paul Hayes, a/k/a Shorty,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:19-cr-00020-RDB-1)

Submitted: December 22, 2020                    Decided: February 4, 2021

Before KING, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Justin Brown, Lylian Romero, BROWN LAW, Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Matthew DellaBetta, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury indicted Paul Alexander on charges of conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, 21 U.S.C. § 846; two counts of possession with intent to distribute 400 grams or more of fentanyl, 21 U.S.C. § 841(a)(1); one count of possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c); and one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). Before trial, Alexander filed motions to suppress the evidence seized from a traffic stop on May 15, 2018, as well as any fruits of that evidence. The district court denied Alexander's motions after a hearing. A jury subsequently convicted Alexander on all counts, and the district court sentenced him to a total of 420 months in prison.

Alexander appeals, challenging the denial of his motions to suppress. Alexander makes three arguments. Alexander's first two arguments contend, based on the collective knowledge doctrine, that the Drug Enforcement Administration's investigatory task force did not provide enough information to local police officers performing the traffic stop to impute reasonable suspicion to perform the traffic stop or the subsequent canine scan.[*] Alexander's third argument asserts that the local police officers lacked independent reasonable suspicion to perform a canine scan. The Government contends that even if any evidence was illegally obtained, its admission is harmless error. We affirm.

---

[*] Alexander waived any claim that the initial traffic stop was illegal before the district court. Accordingly, we do not review the initial traffic stop. *See United States v. Claridy*, 601 F.3d 276, 284 n.2 (4th Cir. 2010) ("When a claim of constitutional error has been waived, it is not reviewable on appeal.").

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop constitutes a seizure under the Fourth Amendment and is thus subject to a reasonableness requirement," and "[t]o support a finding of reasonable suspicion, we require the detaining officer to either articulate why a particular behavior is suspicious or logically demonstrate, given the surrounding circumstances, that the behavior is likely to be indicative of some more sinister activity than may appear at first glance." *United States v. Williams*, 808 F.3d 238, 245-46 (4th Cir. 2015) (internal quotation marks omitted). When reviewing a district court's ruling on a motion to suppress, "we review [the district] court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018).

"[W]hen an officer acts on an instruction from another officer, the act is justified if the instructing officer had sufficient information to justify taking such action [him]self." *United States v. Massenburg*, 654 F.3d 480, 492 (4th Cir. 2011). In this situation, "the instructing officer's knowledge is imputed to the acting officer." *Id.* Further, the act is justified "if and only if the officers who issued the request had reasonable, particularized suspicion sufficient to justify their own stop." *Id.*; *see also United States v. Hensley*, 469 U.S. 221, 232 (1985) ("If the [instruction] has been issued in the absence of a reasonable suspicion, then a stop in the objective reliance upon it violates the Fourth Amendment.").

A lawful traffic stop "can become unlawful if it is prolonged beyond the time reasonably required to complete [the] mission" of issuing a ticket. *Illinois v. Caballes*, 543

3

U.S. 405, 407 (2005). The permissible duration of a traffic stop "is determined by the seizure's mission—to address the traffic violation that warranted the stop," meaning that it may "last no longer than is necessary to effectuate that purpose." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (brackets and internal quotation marks omitted). "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id*.

Assuming, without deciding, that the district court erred as Alexander contends, we conclude that any error is harmless. *See United States v. Brizuela*, 962 F.3d 784, 798 (4th Cir. 2020) ("An error is harmless if we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." (internal quotation marks omitted)). The only evidence that may have been erroneously admitted is the evidence directly obtained during the traffic stop. This evidence was a small part of an overwhelming amount of evidence the Government introduced during trial. Twenty witnesses testified about Alexander's extensive drug trafficking activities. Only three of the Government's witnesses testified about the traffic stop. Because "we believe it highly probable that the error did not affect the judgment," *id.* (internal quotation marks omitted), we conclude that any error admitting evidence directly derived from the traffic stop is harmless.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4