VANCE v. W. A. VANDERCOOK COMPANY (No. 2).

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA.

No. 515. Argued March 9, 10, 1898. — Decided May 9, 1898.

In determining from the face of a pleading whether the amount really in dispute is sufficient to confer jurisdiction upon a court of the United States, it is settled that if from the nature of the case as stated in the pleadings there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the declaration at a larger sum.

The courts of South Carolina having held that in an action of trover consequential damages are not recoverable, and the damage claimed by the plaintiff below, in this case, omitting the consequential damages, being less than the sum necessary to give the Circuit Court jurisdiction of it, it follows that, on the face of the complaint, that court was without jurisdiction over the action.

THE appellee, a corporation of the State of California, began this action against the present plaintiffs in error, citizens of the State of South Carolina, averring the alleged wrongful seizure by the defendants Bahr and Scott, at a railroad depot in the city of Charleston, South Carolina, of packages of wines and brandies, the property of the plaintiff. It was averred that at the time of the seizure the liquors were in the custody of a common carrier, under a shipment from San Francisco to the agent of the plaintiff at Charleston, who was to make delivery of each package to a particular individual, who, prior to the shipment, had given an order for the same. Averring that the defendant Vance had subsequently to the seizure, and with knowledge of its wrongful nature, received said packages into his custody, it was further alleged that demand had been made for the return of the property seized, that it was still detained, and that plaintiff was entitled to the immediate possession thereof. Judgment was prayed against the defendants for the recovery of possession of the packages or their value, alleged to be one thousand dollars, in case delivery could not be had, and for damages in the sum of ten thousand dollars. There was an allegation of special damage, to wit: "That by said malicious trespass of said defendants and their continuation in the wrongful detention of said sixty-eight packages of wine the plaintiff has been greatly injured in its lawful trade and business with the citizens and residents of the State of South Carolina to its great hurt and damage in the breaking up of such trade and commerce." Itemized lists of the packages were attached as exhibits to the complaint.

It was also alleged that the defendants claimed that the acts by them done were performed under the authority of a law of South Carolina designated as the dispensary law, and it was charged that the statute was void, because in conflict with the Constitution of the United States. It was moreover averred that the forcible seizure and carrying away of the packages and the detention thereof were done "knowingly, wrongfully, wilfully and maliciously, with intent to oppress and humiliate and intimidate this plaintiff, and make it afraid

to rely upon the Constitution and laws of the United States, and the judicial power thereof, for its protection in those rights, privileges and immunities secured to the plaintiff by the Constitution and laws of the United States." It was also alleged that the defendants, by "the said malicious trespass and wrongful detainer," intended to deter and intimidate plaintiff and others from asserting their rights under the Constitution of the United States.

S. W. Vance filed a separate answer, while Bahr and Scott jointly answered. The respective answers set up that the court had no jurisdiction of the action; that the complaint did not state facts sufficient to constitute a cause of action; that by the provisions of the dispensary law of South Carolina, approved March 6, 1896, the action could not be maintained against the defendants, for the reason that the acts complained of were by them performed in the discharge of duties imposed upon the defendants by the said law; and, if the action was maintainable, that there was a misjoinder of causes of action, in that the plaintiff sued for the recovery of the possession of personal property, and also for exemplary damages for the commission of a trespass in taking the same. It was denied that the seizures and detentions complained of were made with the intent to injure or oppress the complainant, and it was also denied that the property was of the value alleged in the complaint, or that the plaintiff had been damaged in the sum claimed. It was, further, specially averred that the packages were seized and detained because the liquors contained therein had not been inspected as required by the provision of an amendment to the dispensary law, adopted in 1897, and because of a failure to have attached to each package a certificate of inspection, as required by the statute.

By a stipulation in writing it was agreed that the issues of fact should be tried by the court without a jury. At the trial, as appears by a bill of exceptions allowed by the presiding judge, the court, on the request of counsel for the defendants, passed upon the matters of law heretofore referred to and also upon several propositions of law relied on by the defendants, that is, that the dispensary law was not in conflict with the

Constitution of the United States and was a valid exercise of the police power of the State, particularly by reason of the provisions of the act of Congress of 1890, known as the Wilson act. Each of these propositions of law was decided adversely to the defendants, and an exception was noted.

The facts found by the court were: "That the property described in the complaint is the property of the plaintiff, and that the value thereof is the sum of one thousand dollars, and that the damages to the plaintiff from the detention of the said property by the defendants is the sum of one thousand dollars." And, as matter of law, the court found "That the plaintiff is entitled to judgment against the defendants for the recovery of the possession of the said property described in the complaint, or the sum of one thousand dollars — value of said property — in case delivery thereof cannot be had, and for the further sum of one thousand dollars damages." Judgment was entered in conformity with the findings. A writ of error having been allowed, the cause was brought to this court for review.

*Mr. William A. Barker*, Attorney General of the State of South Carolina, for plaintiffs in error.

*Mr. J. P. Kennedy Bryan* for defendant in error.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

Counsel for plaintiffs in error discuss in their brief the contentions that the Circuit Court erred in holding that it had jurisdiction of the action and that there was not a misjoinder of causes of action, and also assert that the court erred in refusing to hold that the dispensary law of South Carolina was a valid enactment.

We shall dispose of the case upon the jurisdictional question, as it is manifest that the amount of recovery to which the plaintiff was entitled, upon the construction put upon the complaint by its counsel and acted upon by the trial court, could not equal the sum of two thousand dollars.

In his brief, counsel for defendant in error says:

"It is clear that the complaint is a case for recovery of personal property and for damages for its detention. The allegations in the complaint as to the wrongful taking of the property are not by way of stating a cause of action for malicious trespass, but, under the law of the State of South Carolina, are necessary as allegations of wrongful seizure, wrongful taking, and support an action for recovery of personal property and damages for detention, without a previous demand before the suit, and the court, by its judgment, so construed the complaint and gave judgment in conformity to the code. . . .

"The Circuit Judge has treated the complaint as an ordinary action for recovery of personal property and for damages for its detention, and has found the title of the property in the plaintiff, and has found the *damages for detention*. He has found no other damages, he has found no damages for malicious taking, he has found no damages for malicious trespass, he has found only '*damages for detention*.' And those damages, as matter of fact, were testified to as being at least twelve hundred dollars. The Circuit Judge has found them to be one thousand dollars, and they are conclusive as matters of fact, and are the usual damages accompanying the successful plaintiff who recovers judgment against the defendants for recovery of possession of personal property and damages incident to wrongful detention. The defendants, therefore, have no possible cause of complaint."

In determining from the face of a pleading whether the amount really in dispute is sufficient to confer jurisdiction upon a court of the United States, it is settled that if from the nature of the case as stated in the pleadings there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the declaration at a larger sum. *Barry* v. *Edmunds*, 116 U. S. 550, 560; *Wilson* v. *Daniel*, 3 Dall. 401, 407.

As by section 914 of the Revised Statutes of the United States the practice, pleadings and forms and modes of pro-

ceedings in actions at common law in a Circuit Court of the United States are required to conform, as near as may be, to those prevailing in the state court, and as by section 721 the laws of the several States are made rules of decision in trials at common law in the courts of the United States, in cases where they apply, *Bauserman* v. *Blunt*, 147 U. S. 647, we will examine the laws of South Carolina and the decisions of its courts, in order to ascertain the nature of the state statutory action to recover possession of personal property, and the rights of the parties thereunder.

The action of claim and delivery of personal property, under the code of South Carolina, is one of the class of statutes referred to by Judge Cooley, in his treatise on Torts, (note 2, p. 442,) which permits the plaintiff in an action of replevin to proceed in it as in trover, and recover the value of the property in case the officer fails to find it to return to the plaintiff on the writ. The proceeding was introduced into the legislation of South Carolina by the code of procedure adopted in 1870, Title 8, c. 1, 14 Stats. S. C. 423, which provided in section 269 (p. 480) that, upon the making of an affidavit containing certain requisites and the giving of a bond, the plaintiff might obtain an immediate delivery of the property. By section 285, c. 3, (p. 484) it is provided that "In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or if it have, and the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff; or if they find in favor of the defendant, and that he is entitled to a return thereof; and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property." In section 301, c. 6, (p. 488) it is provided: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof, in case a delivery cannot be had, and of damages for the detention." By section 300 it is provided that, "Whenever damages are

recoverable, the plaintiff may claim and recover, if he show himself entitled thereto, any rate of damages which he might have heretofore recovered for the same cause of action."

Prior to the code, by a statute passed December 19, 1827, No. 2433, entitled "An act to alter the law in relation to the action of trover and for other purposes," 6 S. C. Stats. 337, it was provided that upon the giving of a bond and the making of an affidavit by a plaintiff who intended to commence an action of trover for the conversion of any specific chattel, that the chattel belonged to the plaintiff and had been converted by the defendant, an order might issue requiring the defendant to enter into a bond with sufficient surety, for the production of the chattel to satisfy the plaintiff's judgment in case he should recover against the defendant or defendants, and it was declared that such specific chattel should be liable to satisfy the plaintiff's judgment to the exclusion of other creditors.    Under this act the surety might take the body of the defendant and keep him in custody until he gave the required security.   *Poole* v. *Vernon*, 2 Hill, 667.

The measure of damages in South Carolina in an action of trover was early settled in that State.   Thus, in 1792, in the case of *Buford* v. *Funnen*, 1 Bay, 270, an action of trover to recover the value of several negroes and a horse, after proving the value of the horse, the plaintiff offered evidence of consequential damages sustained by the loss of his crop.   The trial judge having refused to receive the evidence, the case came before the Superior Court on a motion for a new trial.   Chief Justice Rutledge was of opinion that this kind of testimony might be allowed in some cases, and was for granting a new trial, but the court ruled otherwise, the following opinions being delivered (p. 273):

Waties, J. "It is of great importance to keep different issues distinct, that the parties in one form of action, may not be surprised by evidence which belongs to another.   The evidence which the plaintiff wished to produce, would have been admissible in trespass; but was, I think, properly rejected in this action.   Where there has been an unlawful taking, either trespass or trover will lie; but if the party proceeds in trover,

he waives the tort, except as it is evidence of a conversion, and can only have damages for the value of the property converted, and the use of it while in the defendant's possession. The real value of the property is not always the sole measure of damages; if the conversion of it is (or may reasonably be supposed to be) productive of any benefit to the defendant, the jury may give additional damages for it; as where trover is brought for money in a bag, interest ought to be allowed by way of damages for the detention; so, in this case, if the negroes had not been delivered, damages could be given for the labor of the negroes; for the use of money or negroes is a certain benefit to the party who converts them, and he ought to pay for it. But where he acquires no gain to himself by the conversion, it does not appear to me that he is answerable for any damages above the real value of the thing converted; if he was, he would be answering for a mere *delictum*, for which he is not liable in trover. By waiving the trespass in this action, which the plaintiff must do, he waives, I conceive, every kind of personal wrong which is unattended with any gain to the trespasser; he releases him from everything which death would release him from. If, for instance, the defendant had been dead at the time of bringing this suit, what could the plaintiff, in any form of action, have recovered from his executors? The same amount which he has now recovered and no more, that is the value of the horse taken. Or damages for the use of the negroes, while they were in the defendant's possession; but nothing for the loss of crop, which proceeded *ex delicto*, and produced no benefit to the defendant. For the same reason, as this action is founded in property only, and no damages can be allowed for the mere *delictum*, I think the evidence offered was not admissible, and that the judge was right in refusing it.

" Bay, J., thought, that as in an action of trover, the tort was waived, all its consequences were relinquished with it. The very nature of the action supposed that the defendant came lawfully into possession; and, if so, no damages could or ought to be given till the true owner made his demand; from which time only, damages ought to be calculated. And

where no specific demand was proved, then from the time of the commencement of the action; and relied on the case of *Cooper et al* v. *Chitty et al.*, 1 Burr. 31, where the nature of this action is particularly defined; also 3 Burr. 1364–65; 2 Esp. 353."

In 1818, in the case of *Banks* v. *Hatton*, 1 N. & McC. 221, an action of trover to recover the value of three negroes, a verdict having been rendered for the plaintiff, a new trial was asked for, am ng other grounds, because the damages were excessive. In he course of the opinion of the appellate court granting the r  on, Mr. Justice Colcock said on this branch of the case (p. 422):

"It is stated, that the presiding judge instructed the jury, that they were at liberty to give 'smart money' in estimating the damages. In the action of trover, the correct measure of damages is the value of the property, and interest thereon; or if the action be for the conversion of negroes, the value of their *labor*, in addition to the value of the negroes. It is impossible to determine by what rule the jury have been governed; but from the amount of the verdict, it is highly probable, that they were influenced by the charge of the presiding judge, and I therefore think the defendant entitled to a new trial on this ground."

On a subsequent appeal from the new trial granted in the case, Mr. Justice Nott, with whom four justices concurred. said (Ib. p. 223):

"Damages for the detention, may be given according to the nature of the thing converted or detained; as for instance, for the use of money, the interest may be made the measure of damages, or the value of their labor, in the case of negroes. *Buford* v. *Fannen*, 1 Bay, 270. Sometimes the increased value may be added, as was decided in the case of *Kid and Mitchell*, in this court (*post*). The defendant is not to be benefited by his own wrong. Neither can the rights of the plaintiff be affected by the death of the destroyer of the property after demand and refusal."

In *McDowell* v. *Murdock*, 1 N. & McC. 237, an action of trover for the value of two negroes, Mr. Justice Nott, in deliv

ering the opinion of the court, held that the defendant was entitled to a new trial, because, among other grounds, of an erroneous instruction to the jury as to the rule of damages, said (p. 240):

" It has lately been determined by this court, in several cases, that a jury cannot give *vindictive* damages in an. action of *trover.* The *value* of the property, with such damages as must *necessarily* be supposed to flow from the *conversion,* is the only true measure. Such, for instance, as the *work* and *labor* of negroes; interest on the value of dead property, etc."

In 1853, in *Harley* v. *Platts,* 6 Richardson, 310, an action of trover brought to recover the value of four slaves, a new trial asked for on the ground of excessive damages was refused, it being held that the verdict was warranted by the evidence, under the rule allowing the jury to give the highest value up to the time of trial, with interest, or hire. Glover, J., delivering the opinion of the court, said (p. 318):

" In trover, the jury is not limited to finding the mere value of the property at the time of conversion; but may find, as damages, the value at a subsequent time, at their discretion. 3 Steph. N. P. 2711. The jury may give the highest value up to the time of trial. *Kid* v. *Mitchell,* 1 N. & McC. 334. In *Burney* v. *Pledger,* 3 Rich. 191, Judge O'Neall says, ' That the plaintiff is entitled to recover for the value of the property at the time of the trial, with interest; or for the value of the property at the time of the trial, with hire from the conversion, as may be most beneficial.' And in *Rodgers* v. *Randall,* 2 Sp. 38, it was held that the jury have a discretion between the highest and lowest estimates.

" Governed by these rules, so long and so repeatedly established, the evidence appears to have authorized the conclusion attained by the jury in this case."

That the decisions referred to are applicable under the code was recognized in the case of *Sullivan* v. *Sullivan,* (1883) 20 S. C. 509, an action of claim and delivery to recover the possession of certain notes with damages for their detention, where it was held by the appellate court that, in addition to a recovery of the notes, the plaintiff was entitled to recover

the amount they had diminished in value while in the hands of defendant. After quoting section 298 (formerly section 300) of the code, which we have heretofore referred to, the court said (p. 512):

"The code has made no material changes in the primary rights of parties, or in the causes of action, nor has it given any new redress for wrongs perpetrated. It has only changed the mode by which such redress is reached and applied. The rights and remedies (using the term 'remedy' in the sense of 'redress') are still the same.

     *         *         *         *         *

"The action below was an action for the recovery of personal property and damages for its detention. It was an action in the nature of the old action of trover. It will not be denied that in actions of that kind, under the former practice, (as a general rule,) damages for detention beyond the property itself could be, and were uniformly recovered, such damages being measured by different rules, according to the character of the property and the circumstances of each case. See case of *McDowell* v. *Murdock*, 1 Nott & McCord, 237, where the court said : ' It has lately been determined by this court, in several cases, that a jury cannot give vindictive damages in an action of trover. The value of the property, with such damages as must necessarily be supposed to flow from the conversion, is the true measure. Such, for instance, as the work and labor of negroes ; interest on the value of dead property.' *Buford* v. *Fannen*, 1 Bay, 2d ed. 273 ; *Harley* v. *Platts*, 6 Rich. 318 ; *Kid* v. *Mitchell*, 1 Nott & McCord, 334."

A recent decision construing the provisions of the action of claim and delivery of personal property is *Loeb* v. *Mann*, 39 S. C. 465, in which the defendant, a sheriff, was alleged to have wrongfully and unlawfully taken from the plaintiffs and to have unjustly detained from them certain liquors. Bond having been given, the goods were taken from the possession of the defendants and delivered to the plaintiffs. The appellate court, in the course of its opinion, held that the trial judge erred in permitting evidence of expenditures by the plaintiffs for hotel bills, railroad fare and attorney's fees, and

declared that such damages were not recoverable for the *detention* of the property. The court said (p. 469):

"It is urged that this action of 'claim and delivery' is peculiar in this, that the law expressly gives to the prevailing party damages in addition to costs and disbursements. It is true that section 283 of the code provides as follows:

"'In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or if it have, and the defendant by his answer claims a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is entitled to a return thereof; may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property,' etc. What damages? Why, surely such damages as 'may have been sustained by reason of the seizure and detention of the property itself; that is to say, by direct and proximate injury of the property in question, or in reducing its value; and not for the purpose of allowing a party to reimburse himself as to consequential losses alleged to have been sustained in the prosecution of the case, in respect to the speculative value of time lost, and the payment of the bills of railroads and hotels, lawyers' fees,' etc."

After reviewing authorities in support of the proposition that counsel fees were not allowable as damages for the detention of property, for the reason that they could not be said to be the *necessary* result of the act done by the defendant, the court said (p. 471):

"It is true that the decided cases do not seem to be as full and clear in reference to the other items of expenditures claimed here as damages; but we confess that in respect to damages, we are unable to draw a distinction in principle between expenses incurred in paying lawyers' fees and in making a charge for the speculative loss of time and paying railroad and hotel bills, etc."

Under the decisions to which we have referred, it is evident

that, in the case at bar, the measure of damages for the detention was interest on the value of the property from the time of the wrong complained of. This rule of damages has been held by this court to be the proper measure even in an action of trespass for a seizure of personal property where the facts connected with the seizure did not entitle the plaintiff to a recovery of exemplary damages. An action of this character was the case of *Conard* v. *Pacific Insurance Co.*, 6 Pet. 262. In the course of the opinion there delivered by Mr. Justice Story, the court held that the trial judge did not err in giving to the jury the following instruction :

" The general rule of damage is the value of the property taken, with interest from the time of the taking down to the trial. This is generally considered as the extent of the damages sustained, and this is deemed legal compensation with reference solely to the injury done to the property taken, and not to any collateral or consequential damages, resulting to the owner, by the trespass."

Indeed the same rule was in effect reiterated in *Watson* v. *Sutherland*, 5 Wall. 74, 79, where it was substantially held that " loss of trade, destruction of credit and failure of business prospects " could not be recovered in an action at law where malice or bad faith was not an ingredient, because such damages were collateral or consequential as regards a seizure of personal property, and could only be recovered at law where the issue of bad faith was involved. In other words, that however at law such damages might be considered when the suit was based upon a malicious trespass they were not a proximate result of an injury to property caused by an illegal seizure thereof.

The courts of South Carolina, as we have seen, have held that in an action of trover *consequential* damages are not recoverable, and have also held that in the action of claim and delivery damages for the detention must have respect to the property and to a direct injury arising from the detention. Destruction of business not being of the latter character, it follows that the special damages averred in the complaint were not recoverable.

It results that as the plaintiff's action was solely one for claim and delivery of property alleged to have been unlawfully detained and for damages for the detention thereof, the amount of recovery depended first upon the alleged value of the property, which in the present case was one thousand dollars, and such damages as it was by operation of law allowed to recover in the action in question. As, however, by way of damages in an action of this character, recovery was only allowable for the actual damage caused by the detention, and could not embrace a cause of damage which was not in legal contemplation the proximate result of the wrongful detention, and such recovery was confined, as we have seen, to interest on the value of the property, it results that there was nothing in the damages alleged in the petition and properly recoverable adequate, when added to the value of the property, to have conferred upon the court jurisdiction to have entertained a consideration of the suit. Upon the face of the complaint, therefore, the Circuit Court was without jurisdiction over the action, and it erred in deciding to the contrary.

*The judgment of the Circuit Court of the United States for the District of South Carolina is reversed with costs and the cause is remanded to that court with directions to dismiss the case for want of jurisdiction.*