## KUNKEL v. BROWN.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1900.)

No. 340.

**1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE.**

The amount in dispute, in an action for jurisdictional purposes in a federal court, is determined by the amount claimed by the plaintiff in his pleading, in good faith, although such claim is made under a mistake of fact, as subsequently shown by the evidence.[1]

**2. APPEAL—REVIEW—FINDINGS OF FACT.**

Where an action at law in the circuit court is, by written stipulation of the parties, tried to the court without a jury, a finding of fact made by the court, if there is any evidence to sustain it, is conclusive on the circuit court of appeals.

In Error to the Circuit Court of the United States for the District of Maryland.

Milton G. Urner and W. P. Maulsby, Jr., for plaintiff in error.

George Weems Williams and Philip B. Watts, for defendant in error.

Before SIMONTON, Circuit Judge, and PAUL and BRAWLEY, District Judges.

SIMONTON, Circuit Judge. This case comes up on writ of error to the circuit court of the United States for the district of Maryland. The action was brought by George R. Brown against Mary E. Kunkel. The cause of action is the statutory liability of the said Mary E. Kunkel as stockholder in the Western Farm Mortgage Company. This corporation was created under the laws of the state of Kansas, and by the laws of Kansas each stockholder, in case of the insolvency of a corporation, is liable to the creditors of the corporation in the amount due on his stock, and an additional amount equal to the stock owned by him.

The plaintiff in his declaration alleges that he is a judgment creditor of the corporation; that it is insolvent; that the defendant owns the amount of $2,200 of its stock, wherefore he is entitled to have from her, for the par value thereof, $2,200; that he has demanded of her the same; and that she has not paid it, and wholly neglects and refuses so to do; wherefore he claims $2,500. To this declaration defendant demurred. The demurrer was overruled. She then filed sixteen pleas on 31st July, 1897. To eleven of these demurrers were sustained, and issue was joined on five. On 28th April, 1898, defendant filed seven amended pleas and two additional pleas. These were replied to, and issues joined. On 2d May, 1899, the defendant filed five special additional pleas. The third, fourth, and fifth of them for the first time set up the defense most insisted upon. They allege, in substance, that the defendant owned 20 shares only in the Western Farm Mortgage Company; that the value of these was $100 per share;

---

[1] Jurisdiction of circuit court, as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

that her liability could not exceed $2,000; and so she pleads to the jurisdiction of the court. On motion of plaintiff, these three pleas were not received. The defendant then moved to dismiss the plaintiff's suit, accompanying his motion with six exhibits, one of them going to show that the plaintiff had sued the defendant in a court of the city of Baltimore on the same cause of action, alleging that she owned 20 shares of stock, and not 22, as now alleged. The other exhibits tend to show that the recognized counsel of plaintiff had ample means of knowing, and, in fact, did know, that the defendant owned only 20 shares of stock. This motion was overruled in the court below. The cause was submitted by written stipulation to the court, without the intervention of a jury, and a verdict was found for plaintiff in the sum of $1,458.60 and costs. Exceptions were taken, a writ of error was sued out, and the case is here on seven assignments of error. They are, in substance, these: That the plaintiff in error (defendant below) is liable only to the amount of stock held by her; that she held stock in amount $2,000; that this is the utmost extent of her liability, and that the court had no jurisdiction over her in this case; that there is a fatal variance in the allegation in the declaration that she owned $2,200 worth of stock, the proof being that she owned only $2,000 worth; that the court erred in admitting certain depositions de bene esse, the notice of which fixed the 20th July as the day for taking them, while the return of the notary public showed that they were taken on 19th, the day before. The motion was made to suppress these depositions, but was refused by the court under its rule 32, par. 2:

"Exceptions to the execution, and return of a commission or deposition shall be made before the jury is sworn in the case, otherwise they will be considered as waived. If a commission shall have been returned and opened, and notice thereof given to the opposing party fifteen days before the commencement of the term, exceptions to the execution and return thereof shall be filed on or before the second day of the term, or shall be considered as waived. Exceptions so filed shall be heard before the jury is sworn, and may be heard at any time previously by direction of the court."

The court, cognizant of the circumstances, applied the rule. We see no error.

The question in the case is that to the jurisdiction. In a case of this kind, in which the jurisdiction depends on the diversity of citizenship, the amount in controversy must exceed $2,000, exclusive of interest and costs. In order to determine the question of jurisdiction, we must look to the record. Ex parte Smith, 94 U. S. 455, 24 L. Ed. 165. It will be determined from the face of the pleadings. Vance v. W. A. Vandercook Co., 170 U. S. 472, 18 Sup. Ct. 645, 42 L. Ed. 1111. In Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729, it was held that a suit cannot properly be dismissed by a circuit court of the United States as not substantially involving a controversy within the jurisdiction of the court, unless the facts made to appear on the record create a legal certainty of that conclusion. See, also, Scott v. Donald, 165 U. S. 58, 17 Sup. Ct. 265, 41 L. Ed. 632. So, in these cases, when the action was in tort, and the damages were laid at a sum exceeding the jurisdictional amount, the suits were sustained, although the property by which the tort was inflicted was small in

value. It is true that in some actions ex contractu, in which the amount recoverable is liquidated by the terms of the agreement, and this is disclosed on the record, this will settle the question of jurisdiction, notwithstanding the claim of the plaintiff for a much larger sum as damages. But this must be ascertained from the face of the pleadings, as in Vance v. W. A. Vandercook Co., supra. So, also, if it be discovered that the plaintiff in bad faith, improperly or collusively, made a case simply to secure the jurisdiction of the federal court, on such discovery the suit will be dismissed, notwithstanding that on the face of the pleadings the court has jurisdiction. Williams v. Nottawa Tp., 104 U. S. 209, 26 L. Ed. 719. But, with this exception, the nature of the case, as stated in the pleadings, must determine whether the amount really in dispute is sufficient to confer jurisdiction upon a court of the United States. Vance v. W. A. Vandercook Co., supra.

Now, examining these pleadings, it appears that the plaintiff sued upon a demand of $2,200, an amount sufficient to secure the jurisdiction. When the testimony was taken, it appeared that he was mistaken as to the amount of his claim, and that his recovery could not exceed $2,000. This he admitted at the trial. "It is not, however, the amount a plaintiff is able to prove he is entitled to that determines the amount in dispute for the purposes of jurisdiction; for otherwise the failure of the plaintiff to recover would oust the court of jurisdiction. The amount in dispute, or the matter in controversy, which determines the jurisdiction of the circuit court, in suits for the recovery of money only, is the amount demanded by the plaintiff in good faith." Peeler's Adm'x v. Lathrop, 1 C. C. A. 99, 48 Fed. 786, 2 U. S. App. 40. And this ruling is sanctioned in Wilson v. Daniel, 3 Dall., at page 405, 1 L. Ed. 656.

"It is the prevailing opinion that we are not to regard the verdict or judgment as the rule for ascertaining the value of the matter in dispute between the parties. * * * To ascertain, then, the matter in dispute, we must recur to the foundation of the original controversy,—to the matter in dispute when the action was instituted. The descriptive words of the law point emphatically to this criterion, and, in common understanding, the thing demanded, * * * and not the thing found, constitutes the matter in dispute between the parties."

In Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255, the plaintiff in his petition set up a claim for $2,194.13. The right to recover this was challenged by demurrer. After quoting Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524, that "a controversy was involved, in the sense of the statute, whenever any property or claim of the parties capable of pecuniary estimation was the subject of litigation, and was presented by the pleadings for judicial determination," the court goes on:

"Within the letter of the statute, there was therefore a controversy between citizens of different states in which the matter in dispute was over the sum or value of $2,000. It matters not that, by the showing in the petition, part of this sum was not yet due. Plaintiff insisted that it had a right to recover all. That was its claim, and the claim that was disputed by defendant. * * * Although there might be a perfect defense to the suit for, at least, the amount not yet due [in this case, $1,664.04], yet the fact of a defense, and a good defense, too, would not affect the question as to what was the amount in dispute. * * * In short, the fact of a valid defense to a cause of action, al-

though apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defense will be presented by the defendant, or, if presented, sustained by the court? We do not mean that a claim evidently fictitious, and alleged simply to create a jurisdictional amount, is sufficient to give jurisdiction."

A fortiori, if in his declaration the plaintiff bona fide claims over $2,000, and the testimony shows that he cannot sustain the claim to the amount of $2,000, this will not defeat the jurisdiction or stop the machinery of the court, which has been put in operation to ascertain the fact.

This is the law, and is decisive in this case, unless it appear that the plaintiff fraudulently or falsely overstated his cause of action in order to secure the jurisdiction of the court below. The court below, to whom the case was submitted, a jury having been waived, found this fact:

"That the allegation in plaintiff's narr. that the defendant was the owner, at the dates therein mentioned, of stock in said company of the par value of $2,200, was not colorable, and had not been so stated for the purpose of creating a case within the jurisdiction of this court, but was the result of a bona fide mistake."

This is conclusive.

"It is objected," say the court in Ryan v. Carter, 93 U. S. 81, 23 L. Ed. 808, "that some of these facts were not warranted by the evidence, but this is not the subject of inquiry here. If the parties chose to adopt this mode of trial 'by the court without a jury,' they are concluded by the propositions of fact which the evidence in the opinion of that court establishes. Whether general or special, the finding has the same effect as the verdict of a jury, and its sufficiency to sustain the judgment is the only matter for review in this court." City of St. Louis v. Rutz, 138 U. S. 226, 11 Sup. Ct. 337, 34 L. Ed. 941. It is true that exceptions to alleged findings of facts, because unsupported by evidence, present questions of law reviewable in courts of error. Laing v. Rigney, 160 U. S. 540, 16 Sup. Ct. 336, 40 L. Ed. 525. But findings of fact made by the court below are binding on the supreme court when there is any evidence to support them. Runkle v. Burnham, 153 U. S. 216, 14 Sup. Ct. 837, 38 L. Ed. 694. In the case before us there is some conflict of evidence. This has been solved by the court below. Reviewing that evidence for ourselves, we concur in its finding. The judgment of the circuit court is affirmed.