# JOSÉ DE JESUS PESQUERA GOENAGA

***v.***

# JOSÉ QUIROS.

---

San Juan, Law, No. 699.

1. A Federal court has the right, of its own motion, at any time while it has control of a case, to raise the question of jurisdiction, and to dismiss the cause for lack of it.

2. Unless it unquestionably appears, from the face of the pleadings or the proofs, that the amount involved or in dispute is not sufficient to give the court jurisdiction, the case ought to be retained.

3. After verdict, if the court cannot say that the damages claimed, together with the amount involved, were in bad faith fixed at an amount sufficient to come within the jurisdiction, the mere fact that the jury finds damages in a sum less than the jurisdictional amount ought not to authorize the dismissal of the case, and a motion for a new trial should be overruled.

Opinion filed May 10, 1910.

*Mr. Joseph Anderson, Jr.,* attorney for the complainant.

*Messrs. Robert H. Todd* and *Frank Antonsanti,* attorneys for the defendant.

RODEY, Judge, delivered the following opinion:

This matter is before us on a motion for a new trial. It is a suit in ejectment. A trial was had before a jury on the 21st and 22d of April, 1910, and a verdict rendered in favor of plaintiff for the possession of the property sued for, and for $209.28 damages. The complaint describes a tract of land which plaintiff claims to own, of some 4 cuerdas in area, in Bayamon, Porto Rico, but paragraph 6 states that the part which defendant has unlawfully seized is a plot about 50 by 90 feet. Plaintiff himself, when testifying in the case, gave the size of the little plot defendant claims, as 10 by 10 meters, or about 33 feet square, and put the value of it at $4 per meter, which would make the value of the entire lot, $400. However, in another part of his evidence, he placed the actual value of the lot at between $800 and $1,000, and the value of the whole 4-cuerda tract at $20,000, and stated that the little piece he is suing for is situated in the middle of his larger tract and on a street corner, and could be used as a store or even as a school building, and that he has had offers for it as such.

The calculation which the jury made of the damages shows that they must have followed the evidence given on the trial, and allowed the $1 a month rent, which the evidence fully showed was the value of ground rent for such a plot of land in that vicinity.

Goenaga v. Quiros.

The grounds for the new trial are that the evidence was so overwhelmingly in favor of defendant that the court ought to have instructed a verdict for him, and that the court was without jurisdiction, because the sum involved was less than a thousand dollars, exclusive of interest and costs.

We confess we had the gravest doubts at the time of the trial about jurisdiction, and that it was our belief the evidence did not show the right of plaintiff to recover, because the weight of it, as we thought, showed that defendant, by himself and his predecessors in interest, had had uninterrupted possession for more than thirty years; but this was only our opinion, and the jury found the other way.

After procuring the stenographer to read his notes of the evidence, we ascertain and recall that the evidence showed the tract of land which plaintiff claims to own, and perhaps a much larger tract, was for more than a century in that vicinity supposed to be church property, and that out of charity it permitted hundreds of poor people to build shacks upon portions of it, as mere licensees. It was also well in evidence that some forty odd years ago somebody built a shack on the little plot of ground in controversy, and that it passed from hand to hand until 1901 or 1902, when the present defendant obtained it. Plaintiff got a deed for the 4 cuerdas he describes, some sixteen years ago, and most of these licenses at once commenced to pay him a ground rent of about a dollar a month for the portions they severally occupied, but it seems the predecessors of defendant did not do so; at least, there was no evidence that they did, and defendant has never acknowledged plaintiff's title.

It is a serious matter in this court, because a verdict for less than $5,000 is not subject to review by any appellate court,

Goenaga v. Quiros.

and therefore we should be very certain, when considering motions for new trials, that justice has been done to the losing party. This court is placed on this island for the benefit of all people who are entitled to invoke its aid under the law, but it is the court's duty to not take jurisdiction where in truth and in fact it has none, and it is also its duty to carefully scrutinize the pleadings, and be sure that the jurisdiction actually exists in each case.

The defendant's answer is somewhat mixed, but on the whole, amounts to a general denial. The subject we are here considering is most elaborately considered as recently as February, 1907, in the case of Smithers v. Smith, 204 U. S. 632, 51 L. ed. 656, 27 Sup. Ct. Rep. 297. In that case a citizen of New York owned 1,280 acres of land in Texas, which he had under a single fence. Plaintiff alleged that the ten defendants jointly took possession of the same; that the land was worth $5,000, and that he was damaged in the sum of $2,000. Each of the defendants alleged that he was in possession of a certain small piece of the land, worth less than the amount necessary to give jurisdiction to the court, and contended that he had no connection with the other defendants, and did not take possession of the entire tract jointly with them. On this showing, the lower court held there was no jurisdiction, and dismissed the case. The Supreme Court of the United States, in the opinion by Mr. Justice Moody (p. 645, bottom), after indulging in an elaborate review of the decisions on the subject, set this holding aside on the ground that the question of fact as to whether the defendants did take possession of the land jointly was one for the jury, and that, as the value of the whole tract was more than the jurisdictional amount, the court should have held jurisdiction.

Goenaga v. Quiros.

While, in this case, plaintiff, in his complaint, places no value on the whole tract that he owns, still, as stated, the proofs show it to be worth a large amount of money, and while there is only one defendant in this particular case, he alleges in paragraphs 5 and 8 of his complaint that he has sustained damage by reason of the unlawful withholding of his property from him in the sum of $1,500. Therefore, the rule laid down in Kunkel v. Brown, 39 C. C. A. 665, 99 Fed. 593, that the amount in dispute in an action, for jurisdictional purposes in a Federal court, is determined by the amount claimed by the plaintiff in his pleading in good faith, although such claim is made under a mistake of fact, as subsequently shown by the evidence, would seem to govern. It is undoubted, of course, that, if the court could absolutely say that the claim for damages is purely frivolous, it could, of its own motion, at any time, dismiss the cause for want of jurisdiction.

In this case, we are inclined to think that the jury resolved the main question which we submitted to them, that is, whether the defendant was a mere licensee of the former owner of the property, or had been holding the same for more than twenty years in good faith, adversely to all the world, in favor of the plaintiff.

The plaintiff having testified in one portion of his evidence that the real value of the little plot of ground was $800, to $1,000, and the jury having given him $209 damages, would bring the case clearly within the jurisdiction of this court, which is fixed at a thousand dollars, exclusive of interest and costs, by § 3 of the act of Congress of March 2, 1901 (31 Stat. at L. 953, chap. 812). Therefore, not being willing to set up our opinion on the evidence against that of the jury, when we

cannot say that their verdict was the result of passion or prejudice, and not being able to say that the action was brought here in bad faith, we are constrained to permit the verdict and judgment to stand, and the motion for a new trial will therefore be overruled, and an order to that effect will be entered.