**SADLER v. PENNSYLVANIA RE-FINING CO.**

No. 91.

District Court, W. D. South Carolina,
Spartanburg Division.

Feb. 2, 1940.

Samuel N. Burts and LeRoy Sellars, both of Spartanburg, S. C., and Mann & Arnold, of Greenville, S. C., for plaintiff.

Osborne, Butler & Moore, of Spartanburg, S. C., for defendant.

WYCHE, District Judge.

■ ■ This case was removed to this court from the court of common pleas of Spartanburg County, South Carolina, upon the petition of the defendant on the ground of diversity of citizenship and presence of jurisdictional amount. After its removal, the defendant moved (under Rule 12, Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c) to fix a date before trial for a hearing on, and a determination of, the issue of the jurisdiction of this court over the person of the defendant made by its answer. But, upon reading the certified copy of the record in the case it was apparent upon the face of the complaint, that the requisite jurisdictional amount was not involved in the controversy, and I decided that I should determine this question before deciding the question of jurisdiction of the person of the defendant. It is my duty to study the entire record to be sure that *federal* jurisdiction exists before .taking any proceedings in the controversy. I must notice and determine federal jurisdiction of my own motion. Section 80, Title 28 U.S.C.A.; McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 182, 184, 189, 56 S.Ct. 780, 782, 785, 80 L.Ed. 1135; Cameron v. Hodges, 127 U.S. 322, 325, 8 S.Ct. 1154, 32 L.Ed. 132.

The complaint alleges that on April 10, 1939, defendant employed plaintiff to act as its agent, salesman, collector and credit manager for the states of North Carolina and South Carolina, for a period of six months, "with a guaranteed salary of Fifty ($50.00) Dollars per week and all overage over and above the market car load prices"; that the defendant paid the plaintiff the stipulated $50 per week salary for a period of three months and since that time has "willfully, maliciously and with intent to defraud and embarrass this plaintiff refused to pay this plaintiff the amount due him under the contract for his services as rendered under the terms" thereof; and that by reason of the willful, malicious and fraudulent breach of said contract plaintiff has suffered actual damages in the sum of $253.90, and punitive damages in the sum of $3,000, and he prays judgment accordingly.

■ In determining from the face of a pleading whether the amount really in dispute is sufficient to confer jurisdiction upon this court, it is settled that if from the nature of the case as stated in the pleadings there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the complaint at a larger sum. Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111. The complaint states a cause of action for actual damages in the sum of $253.90, but in my opinion, it does not state a cause of action for punitive damages. It is well settled in this state that the motives of one who breaches a contract cannot be considered in estimating the amount of recoverable damages. Only in cases of a fraudulent act accompanying the breach of the contract can the recovery be more than such damages as are the direct, natural and proximate result of the breach. The fact that a contract was breached with willful, malicious or fraudulent intent does not alter the rule, or permit the allowance of punitive damages. Punitive damages cannot be recovered for the breach of a contract, unless the breach is accompanied by a fraudulent act. Holland v. Spartanburg Herald-Journal Company, 166 S.C. 454, 165 S.E. 203, 84 A.L.R. 1336. The action is one for the breach of an employment contract. There is no allegation that the breach of contract was accompanied by any fraudulent act of the defendant. The allegations that the breach of the contract was willful, malicious, fraudulent or with intent to defraud or embarrass the plaintiff are irrelevant and redundant and not sufficient to state a cause of action for punitive damages. It, therefore, appears from the nature of the case, as stated in the pleadings that the plaintiff cannot re-

cover a sufficient amount under the allegations of his complaint to confer jurisdiction upon this court. 28 U.S.C.A. § 41(1). It necessarily follows that I must dispose of the case upon this ground. Jenness v. Citizens' National Bank of Rome, 110 U.S. 52, 3 S.Ct. 425, 28 L.Ed. 67; Tinstman v. National Bank, 100 U.S. 6, 25 L.Ed. 530.

Section 80, Title 28 U.S.CA., provides that, "If in any suit * * * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been * * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, * * * the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

Having reached the conclusion that the amount in dispute is less than the requisite federal jurisdictional amount, the foregoing statute requires this court to dismiss the suit or remand it to the court from which it was removed, as justice may require, and make such order as to costs as shall be just. In my opinion, justice requires that this case be remanded to the State court, and that the federal costs be assessed against the defendant, and an order will be filed accordingly.