### HILTZ v. ATLANTIC REFINING CO.
### No. 3711.

District Court, E. D. Pennsylvania.
Oct. 16, 1944.

Abraham E. Freedman (of Freedman & Goldstein) of Philadelphia, Pa., for plaintiff.

Otto Wolff, Jr., of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This action by plaintiff for maintenance and cure, brought on the law side of the court, was interrupted by defendant's motion to transfer to the Admiralty docket. The question raised by the motion is whether plaintiff meets the "amount in controversy" requirement of Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

In the action of Hiltz v. Atlantic Refining Company,[1] (Civil Action No. 2571), decided by Judge Bard in this District March 31, 1944, plaintiff secured an award in the amount of $3,055.73, for maintenance and cure for a period from November 15, 1941, to November 4, 1943, and also $561.00 for maintenance and cure for a period from November 4, 1943, the date of the trial, to March 15, 1944. Judge Bard allowed maintenance at the rate of $4.25 per day "as stipulated by the parties" in addition to medical expenses totaling $120. In the instant case, plaintiff seeks an award for maintenance at the rate of $5.50 per day, and cure at the rate of $200 per year, for a total of five years, or a total sum of $11,037.50.

The jurisdictional amount is usually determined from the amount stated in plaintiff's complaint. However, there is a well-settled corollary; as stated in Vance v. W. A. Vandercook Co., 1898, 170 U.S. 468, 472, 18 S.Ct. 645, 647, 42 L.Ed. 1111, that rule is:

"In determining from the face of a pleading whether the amount really in dispute is sufficient to confer jurisdiction upon a court of the United States, it is settled that if, from the nature of the case as stated in the pleadings, there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach, even though the damages be laid in the declaration at a larger sum."

See also St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845; General Acc. Fire & Life Assur. Corporation, Ltd., v. Mostert, 5 Cir., 1942, 131 F.2d 596.

The narrow issue for determination, then, is whether plaintiff could legally recover in this action at least $3,000.

In an action such as this for maintenance and cure, the amount of recovery is limited by the decision of the Supreme Court in Calmar Steamship Corp. v. Taylor, 1938, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993. There, at page 530 of 303 U.S., at page 654 of 58 S.Ct., 82 L.Ed. 993, the court stated:

"The award of a lump sum in anticipation of the continuing need of maintenance and cure for life or an indefinite period is without support in judicial decision. Awards of small amounts to cover future maintenance and cure of a kind and for a period definitely ascertained or ascertainable have occasionally been made."

And at page 531 of 303 U.S., at page 655 of 58 S.Ct., 82 L.Ed. 993:

"The seaman's recovery must therefore be measured in each case by the reasonable cost of that maintenance and cure to which he is entitled at the time of trial, including, in the discretion of the court, *such amounts as may be needful in the immediate future,* for the maintenance and cure of a kind and for a period which can be definitely ascertained." (Emphasis supplied)

On the basis of the language used in the Calmar case, I am of the opinion that plaintiff here could not legally recover the minimum amount necessary for jurisdiction. Assuming plaintiff is entitled to maintenance and cure at the rate of $4.25 per day as allowed by Judge Bard and the amount of "cure" $200 a year sought in the complaint ($.55 a day), an award would have to cover well over a year and a half in the future (even though the amount claimed due at the time suit was filed be included) to meet the jurisdictional amount. Such a period of time, it seems to me, could not be described as being "in the immediate future." Moreover, the sum of $3,000 can hardly be described as a "small amount" in view of the fact that the decree reversed and remanded by the Supreme Court in the Calmar case amounted to $7,000. See also Campbell v. American Foreign S. S. Corp., 2 Cir., 1941, 116 F.2d

---

[1] No opinion for publication.

926, 929; and Loverich v. Warner Co., 3 Cir., 118 F.2d 690, certiorari denied 1941, 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535. The reasons for these limitations, among others " * * * to safeguard the seaman * * * against the consequences of his improvidence * *. *," are adequately set out in the Calmar case. And see (1938) 24 Va.L.Rev. 920. An additional reason for the time limitation is that a lump sum award extending too far into the future would subject a defendant company to liability for maintenance and cure even though no longer necessary: as where the injured seaman dies before the time covered by the award expires.

I cannot agree with plaintiff's contention that since this is a maritime matter, the ordinary jurisdictional requirements on the law side of the court do not apply. Modin v. Matson Nav. Co., 9 Cir., 1942, 128 F.2d 194; 4 Benedict Admiralty, 6th Ed. 1940, page 201. Under the circumstances, it seems proper to transfer this case to the Admiralty docket. Modin v. Matson, supra, 128 F.2d page 196, and cases cited therein.

An Order may be submitted in accordance with this opinion.