## MARTIN v. WESTERN UNION TELEGRAPH CO.

### No. 1468.

District Court, E. D. Wisconsin.

Oct. 18, 1944.

N. Paley Phillips, of Milwaukee, Wis., for plaintiff.

Lecher, Michael, Spohn & Best, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This action, begun in the Circuit Court of Milwaukee County, was removed to this court on the grounds of diversity of citizenship. Recovery of $5,000 is sought for defendant's alleged negligence in the transmission of an interstate telegraphic money order and supplemental message addressed to the plaintiff's wife.

On pre-trial conference in this court the defendant asserted that on the basis of the plaintiff's complaint no damages were recoverable against it, since such as are claimed were exclusively for mental anguish, unaccompanied by injury to person or property. This preliminary issue has been argued, and I am satisfied that the rule contended for by defendant has no application.

■ Fairly construed, the complaint charges that the defendant's negligence proximately occasioned serious injury to and rupture in the plaintiff's relations with his wife, which in turn produced and were accompanied by necessary expenditures by plaintiff for long distance calls, by loss of wages, as well as by mental anguish. Injury to the plaintiff's marital status is certainly equivalent to, if not more serious than, injury to person or property in the ordinary sense. Under the complaint the matter of the assessment of damages involves proper questions for the consideration of a jury.

■ On the basis of the complaint and conceded facts, I determined on the pre-trial conference that the defendant's liability did not extend beyond $500. Counsel for both parties agreed that the money order and supplemental message was delivered to and accepted by the defendant subject to the terms of its standard money order contract. Photostats of this contract were stipulated as evidence with the same force and effect as the original. A limitation of defendant's liability to $500 is therein provided for. As such limitation of liability is valid (Western Union Tel. Co. v. Nester, 309 U.S. 582, 60 S. Ct. 769, 84 L.Ed. 960, 128 A.L.R. 628), this court could not legally award judgment in any larger amount. Accordingly, such limited sum represents the amount actually in dispute in this action. It is, of course, less than the federal jurisdictional amount.

By statute, 28 U.S.C.A. § 80, this court in the circumstances is required to "proceed no further" in this action, "but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

Where, as here, undisputed facts as pleaded show that no right to a judgment exists in the requisite jurisdictional amount, the amount claimed in a complaint must be disregarded. As said in Sadler v. Pennsylvania Refining Co., D. C., 31 F.Supp. 1, 2, "In determining from the face of a pleading whether the amount really in dispute is sufficient to confer jurisdiction upon this court, it is settled that if from the nature of the case as stated in the pleadings there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the complaint at a larger sum. Vance v. W. A. Vandercook Co., 170 U. S. 468, 18 S.Ct. 645, 42 L.Ed. 1111."

When it appears beyond question that the recovery of the jurisdictional amount is a legal impossibility, it is the duty of the federal courts to remand the action. Turmine v. West Jersey & S. S. R. Co., D.C., 44 F.2d 614; American Stores Co. v. Gerlach, 3 Cir., 55 F.2d 658. This rule was approved in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845.

The rule that jurisdiction is not lost where the plaintiff after removal reduces the claim below the requisite amount by stipulation, affidavit or by amendment of his pleadings has no application.

Exercising the duty and jurisdiction imposed by the statute cited, the action will be remanded to the State court. An order to that effect may be entered, and the case will be removed immediately from the trial calendar of this court.